JOAQUÍN RAMOS DE ANAYA, JR. y MERCEDES OLLER, demandantes y apelados, *v.* HERACLIO LÓPEZ, demandado y apelante.

No. 3962.—*Visto:* Noviembre 23, 1926. *Resuelto:* Marzo 25, 1927.

1. PATRONO Y EMPLEADO—RESPONSABILIDAD POR DAÑOS A TERCERAS PERSONAS—ACCIONES—DE LA EVIDENCIA—PRESUNCIONES—ACTUACIÓN DE UN EMPLEADO DENTRO DE LOS LÍMITES DE SUS ATRIBUCIONES.—Si bien en acción de daños y perjuicios por el acto negligente de un empleado es necesario demostrar que él actuaba dentro de las atribuciones de su empleo, cuando uno que guía un camión choca con otro carro en la carretera, debe presumirse que la persona que lo manejaba actuaba dentro de los límites de sus atribuciones.

2. PATRONO Y EMPLEADO—RESPONSABILIDAD POR DAÑOS A TERCERAS PERSONAS—ACCIONES—DE LA EVIDENCIA—PRESUNCIONES—EN GENERAL.—Cuando en acción de daños y perjuicios por la negligencia de una persona al guiar un camión, la prueba demuestra que éste pertenecía al demandado y que era guiado por uno de sus empleados, la corte tiene derecho a deducir, presuntivamente, que el peón fué autorizado a guiarlo por el patrono o por alguna persona de autoridad similar, y en ambos casos el patrono es igualmente responsable.

3. APELACIÓN Y ERROR—PRESENTACIÓN Y RESERVA EN LA CORTE INFERIOR DE LOS FUNDAMENTOS DE REVISIÓN—OBJECIONES Y MOCIONES, Y RESOLUCIONES SOBRE LAS MISMAS—OBJECIONES A LAS PRUEBAS—ADMISIÓN DE PRUEBA INCOMPETENTE.—Si bien las declaraciones de un agente no son, generalmente, la forma de probar la agencia, cuando la prueba es admitida sin objeción por no estar el demandado en el juicio, éste no puede derivar de ello ventaja alguna en apelación.

SENTENCIA de *Pablo Berga*, J. (San Juan), declarando con lugar la demanda de daños y perjuicios, con costas. *Confirmada.*

*Juan B. Soto*, abogado del apelante; *Luis Muñoz Morales*, y *Enrique Rincón*, abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Esta es una acción para recobrar daños y perjuicios que se alega fueron causados por un choque entre el camión del demandado y el automóvil de los demandantes. En la demanda se alegaba que el camión del demandado era conducido negligentemente por una persona empleada del demandado y que la obligación del demandado hacia los demandantes surgió con motivo de tal negligencia. La Corte de Distrito de San Juan, dictó sentencia a favor de los demandantes. El apelante señala varios errores, pero el fundamento que el demandado tiene para oponerse a la reclamación de los demandantes es que éstos no demostraron que la persona a cargo del camión era agente o empleado del demandado, ni que estuviera actuando dentro de las atribuciones de su empleo.

Después de presentada toda la prueba, aunque antes de que la corte resolviera el caso, el demandado tuvo conocimiento del juicio y obtuvo permiso de la corte para radicar una moción de *non suit*. El declarar sin lugar esta moción se señala como error.

[1] Convenimos enteramente con el apelante que era necesario que los demandantes demostraran generalmente que la persona a cargo del camión actuaba dentro de las atribuciones de su cargo, pero también estamos enteramente satisfechos de que cuando un camión choca con otro carro en la carretera debe presumirse que la persona a cargo del camión actuaba dentro de los límites de sus atribuciones. Sin embargo, el principal fundamento por el cual el apelante solicita la revocación de la sentencia es que la prueba no demostró realmente que la persona a cargo del camión fuera empleado o agente del demandado.

[2] Hubo alguna prueba directa y prueba circunstancial más fuerte de que la persona a cargo del camión era agente del demandado. Un testigo dijo que el camión era condu-

cido por Antonio Quiñones, que era un peón en la casa de
Heraclio López, el demandado, y que el testigo lo había
visto allí. Otros testigos declararon sobre las admisiones
de dicho peón de que él estaba guiando el camión; y hubo
también la manifestación hecha por el demandado mismo,
según declaró uno de los demandantes, de que él, el deman-
dado, si se le probaba que el peón estaba guiando el ca-
mión, estaría dispuesto a pagarle los gastos a los deman-
dantes.

El apelante dice que si los demandantes confiaron en
esta manifestación suya, la acción debió fundarse en un
contrato. No vemos contrato alguno en la manifestación de
Heraclio López. Los demandantes usaban esta manifesta-
ción como tendente a demostrar que el camión era guiado
por un peón y que tal peón era empleado del demandado.
Nunca se dudó seriamente de que el camión era conducido
negligentemente.

De esta manifestación la corte tenía derecho a inferir
que Quiñones en realidad era peón del demandado y que
guiaba el camión negligentemente. Si bien el demandado
quizás pudo demostrar durante la vista del caso que Quiño-
nes nunca estuvo autorizado para guiar el camión y que si
lo hizo fué por su propio riesgo, sin embargo, cuando se
demuestra claramente como en el presente caso que el ca-
mión pertenecía al demandado y que era guiado por un
peón de la casa del demandado, la corte tenía derecho a de-
ducir, por lo menos presuntivamente, que el peón había
sido autorizado para guiar el camión por el patrono direc-
tamente o por alguien que tenía autoridad similar. En
este caso había un chófer regular y si tal chófer permitió
que dicha persona hiciera su trabajo negligentemente, el
patrono sería igualmente responsable.

[3] Estamos dispuestos a convenir con el demandado y
apelante que en la relación anterior hubo mucha prueba de
referencia; igualmente, sabemos que se trató de probar la

la existencia de la agencia con la declaración del agente mismo. Las declaraciones de un agente no son generalmente la forma de probar una agencia. Sin embargo, toda esta prueba fué admitida sin objeción alguna, necesariamente porque el demandado no estaba presente.

El caso que tenemos a la vista, aunque similar al de *Cestero v. Cestero,* 35 D.P.R. 991, es más fuerte que éste, ya que antes de someterse el presente caso definitivamente para su resolución el demandado radicó una moción de *non suit.* Tal moción admite los hechos según han sido presentados. El demandado aparentemente no hizo esfuerzo alguno por obtener permiso para presentar prueba contradictoria, y es enteramente claro que no presentó una moción de nuevo juicio.

*La sentencia debe ser confirmada.*

El Juez Asociado Sr. Franco Soto firmó conforme con la sentencia.

El Juez Asociado Sr. Hutchison no intervino.