Juan Maldonado, como padre con patria potestad y en representación de su hija, Emilia Maldonado, demandante y apelante, *v.* Juan Avalo Collazo, demandado y apelado.

No. 4410.—*Visto:* Mayo 9, 1928. *Resuelto:* Julio 10, 1928.

*O'Neill & O'Neill,* abogados del apelante; *Salvador Suau,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La corte inferior declaró con lugar una excepción previa de falta de hechos suficientes para determinar una causa de acción, y, al dejar el demandante. de enmendar la demanda, dictó sentencia a favor del demandado.

La demanda alega que el demandado era el dueño del automóvil No. 8310. Otro párrafo describe el accidente en que fué lesionado el demandante por el automóvil No. 8310, propiedad del demandado. La tercera alegación es al efecto de que el accidente se debió al descuido y negligencia del conductor del vehículo.

La excepción previa especifica la omisión del nombre del conductor y la ausencia de cualquier alegación en el sentido de que el demandado iba en el automóvil al tiempo de la ocurrencia.

Los artículos 16 y 17 de la "Ley para reglamentar el uso de vehículos de motor en Puerto Rico, y para otros fines," Leyes de Puerto Rico de 1916, página 144, leen como sigue:

"Artículo 16.—El dueño de un vehículo de motor estará obligado a suministrar al Comisionado del Interior todos los informes que posea relativos a la identidad de cualquier persona que manejare dicho vehículo al tiempo de ocurrir un accidente en conexión con la conducción del mismo. Cuando dichos informes no fueren suministrados con razonable prontitud, el Comisionado del Interior podrá suspender la licencia de dicho vehículo. En cualquier acción instituída por virtud de las disposiciones de esta Ley, la prueba del número de la licencia de un vehículo de motor será considerada como evidencia presuntiva de que la persona inscrita como dueño de dicho vehículo conducía éste a la sazón; *Disponiéndose,* que si dicho dueño consintiere en ser examinado bajo juramento acerca de la identidad de la persona que manejaba el vehículo en el momento del accidente, y manifestare bajo juramento que quien manejaba

dicho vehículo era otra persona, será relevado del peso de la prueba y quedará destruída la presunción *prima facie*.

"Artículo 17.—El dueño de cualquier vehículo de motor será responsable de los daños causados por la negligencia del conductor o *chauffeur* mientras dicho dueño estuviere en el vehículo."

La corte inferior, al sostener la excepción previa, citó los casos de *Méndez* v. *Baldassari*, 28 D.P.R. 613, y *Miranda* v. *Porto Rico Railway Light & Power Company*, 31 D.P.R. 778.

El apelante a su vez se funda en el artículo 16, *supra*, en conexión con la nuda proposición de que presunciones de ley no tienen que alegarse.

Es un principio de procedimiento igualmente elemental que no deben alegarse en una demanda las circunstancias probatorias de un hecho, sino que debe alegarse el hecho final en sí.

En el presente caso no nos confrontamos con la omisión de una inferencia o presunción legal basada sobre un hecho fundamental que constituye por sí solo un elemento esencial para la causa de acción. El número del automóvil no era uno de los hechos constitutivos de la causa de acción. Mirando el caso desde el punto de vista del apelante, el hecho final (*ultimate fact*) fué que el dueño del vehículo lo estaba guiando al tiempo de ocurrir el accidente.

La ley hace que la identificación del carro por el número de la licencia como perteneciente al demandado sea prueba *prima facie* del hecho de que el dueño está conduciéndolo. Ordinariamente, es el hecho y no la prueba de ese hecho lo que debe alegarse.

No se trata de un caso en que un contrato alegado por el demandante como un hecho final se presume estar sostenido por una causa (*consideration*) válida o que se presuma que un contrato que se alega haber sido hecho lo fué por escrito, cuando el estatuto exige que se haga por escrito, o en que una promesa de pago se infiera de otros hechos de los cuales necesariamente surge una obligación de pago. En au--

sencia de una cita de autoridades por el apelante no necesitamos tratar por ahora de hacer una distinción ulterior entre los casos resueltos, o de trazar una línea de demarcación más definida entre aquellos que siguen y aplican la regla de que el hecho final debe alegarse y aquellos que se rigen por el principio de que las presunciones de ley no proceden en una alegación.

*Debe confirmarse la sentencia apelada.*