Antonio Guzmán López, menor representado por su padre Antonio Guzmán Muñoz, demandante y apelante, *v.* Manuel Ortiz, demandado y apelado.

No. 4387.—*Sometido:* Enero 25, 1928. *Resuelto:* Febrero 20, 1929.

*Arturo Aponte,* abogado del apelante; *Francisco González Jr.,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante alegaba substancialmente entre otras cosas lo que sigue:

Segundo.—Que el demandado Manuel Ortiz era en todas las fechas mencionadas en la demanda, dueño de un autocamión de servicio público que se destinaba al transporte de carga entre Yabucoa y otros pueblos de la isla.

Tercero.—Que el día 30 de mayo, como a las diez de la mañana, el autocamión del demandado, guiado por su *cháuffeur* Carlos del Campo, empleado del dicho demandado, iba desde Yabucoa a Maunabo, siendo conducido tan negligentemente por la carretera, que al llegar a una curva a algunos kilómetros del pueblo de Maunabo, arrolló el automóvil en que viajaba el demandante, lo que le ocasionó a dicho demandante graves heridas y lesiones.

Cuarto.—Que el accidente de referencia, a virtud del cual recibió las heridas el demandante, fué ocasionado única y exclusivamente debido a la negligencia del *chauffeur*, empleado del demandado, quien descuidada y desenfrenadamente discurría de Yabucoa a Maunabo, sin tomar precaución de ninguna especie, y haciendo caso omiso del automóvil en que viajaba el demandante.

La demanda estaba debidamente jurada, y el artículo 110 del Código de Enjuiciamiento Civil dispone qué:

". . . . Si se jurare la demanda, la negación de cada alegación impugnada deberá ser específica."

El demandado contestó así:

Primero.—Niega el hecho primero de dicha demanda por falta de información.

Segundo.—Niega igualmente el hecho segundo de dicha demanda.

Tercero.—Niega asimismo el hecho tercero de dicha demanda, también por falta de información.

Cuarto.—Niega el hecho cuarto de dicha demanda.

Quinto.—Del mismo modo niega el hecho quinto.

Tal contestación no levanta controversia alguna.

R.C.L. 566–67, párrafo 123; *Delano* v. *Jacoby,* 96 Cal. 275; *Boyer* v. *Concejo de Administración de Guayama,* 34 D.P.R. 21.

██ Durante el curso del juicio el letrado del demandante informó que si bien podía solicitar una sentencia sobre las alegaciones en vista de que los hechos alegados en la demanda habían sido admitidos por la contestación, no obstante, presentaría parte de su prueba en apoyo de ciertas alegaciones de la demanda con el fin de que la corte tuviera ante sí los hechos detalladamente y dictara sentencia por una cantidad que estuviese de conformidad con los daños y perjuicios sufridos por el demandante.

El abogado que había radicado la contestación no estaba presente durante el juicio, y otro abogado que compareció entonces a nombre del demandado, no hizo objeción alguna a la indicación hecha por el letrado del demandante.

Al ser llamado el segundo testigo, el abogado del demandante recordó a la corte la manifestación que había hecho anteriormente al efecto de que los hechos alegados en la demanda habían sido admitidos por la contestación y que ésta no contenía una negación específica de las alegaciones segunda y tercera de la demanda, y de que podía solicitarse una sentencia sobre las alegaciones.

Entonces el letrado del demandado manifestó que él no había radicado la contestación en cuestión y que tampoco había sido preparada en su oficina.

El único testigo llamado por el demandado fué el *chauffeur* Carlos del Campo, quien dijo que él pidió a Manuel Ortiz el truck prestado a fin de traer algunos muebles de Maunabo a Yabucoa.

El abogado del demandante solicitó de la corte que eliminara esta declaración por ser impertinente y que no era, ni podía ser, motivo de defensa. La corte declaró sin lugar la objeción y el demandante se anotó excepción.

Después que el conductor del camión había hecho su versión del accidente, el abogado del demandado solicitó que se dictara una sentencia declarando sin lugar la demanda en

vista de que al momento de ocurrir el accidente Carlos del Campo no estaba prestando servicio alguno a Manuel Ortiz, ni estaba bajo sus órdenes, ni en el desempeño de sus funciones, ni existían relaciones de principal y empleado. Además, porque no había en las alegaciones de la demanda hecho alguno respecto a este particular, y porque las actuaciones de un agente o empleado no son imputables al principal cuando el empleado no está en el desempeño de sus obligaciones, con tanta mayor razón cuanto que la prueba del demandante ha omitido estos hechos.

El juez de distrito en su "Relación del caso y opinión" no hizo referencia alguna a la cuestión de procedimiento, pero halló como hechos establecidos durante el juicio que el autocamión perteneciente al demandado y guiado por su *chauffeur* Carlos del Campo, después de haber pasado su parte delantera, chocó con las ruedas de atrás con el automóvil en que viajaba el demandante; que la versión del accidente hecha por el conductor del autocamión, examinada a la luz de los hechos físicos no controvertidos, era increíble, y que sin duda alguna el accidente se debió a la negligencia de dicho conductor.

Sin embargo, el juez de distrito, después de hacer estas conclusiones, dirigió su atención al aspecto legal del caso, según la teoría del demandado, y discutió extensamente los artículos 1803 y 1804 del Código Civil, la doctrina de *respondeat superior,* la máxima *qui facit per alium facit per se,* y un número de decisiones de esta corte. No hay duda alguna respecto a los principios generales de derecho así discutidos. La única cuestión es si son aplicables o no a los hechos del presente caso.

No hay ninguna prueba directa de que el conductor del camión actuara dentro de las atribuciones de su empleo en el momento en que ocurrió el accidente. Pero no podemos asumir con la corte inferior que es necesario presentar prueba directa del hecho último. En la demanda se alega, y el juez de distrito halló como hecho establecido por la prueba,

que el autocamión pertenecía al demandado, que se usaba para transportar carga y que al tiempo del accidente era conducido por Carlos del Campo, un empleado del demandado. Creemos que eso es suficiente.

En la página 502 de Wigmore sobre Evidencia, tomo 5 (segunda edición), hallamos lo siguiente:

"(2) Cuando el daño es ocasionado por el acto torticero del conductor de un vehículo, y la persona lesionada demanda al dueño del vehículo que es una persona distinta al conductor del mismo, es nececario que el demandante, para probar su caso, demuestre que el conductor del vehículo era agente del dueño y que en el momento del accidente actuaba dentro de las atribuciones de su empleo. ¿Pueden estos dos hechos presumirse de la mera propiedad del vehículo? La respuesta debería ser afirmativa si tomamos en consideración la facilidad relativa de la prueba entre las partes, las costumbres usuales de los dueños de vehículos y lo conveniente que es imputar la responsabilidad de no obtener prueba a la persona que posea un aparato de valor y peligroso, y quien, por consiguiente, debe tomar precauciones especiales contra su mal uso por personas irresponsables. La indiferente irresponsabilidad de los conductores de vehículos en general, su notorio egoísmo de monopolizar las carreteras contra los peatones, y la prevalecencia de homicidios involuntarios por las personas que conducen vehículos, quienes no dan valor alguno a las vidas de los demás en comparación con sus propias conveniencias,— todos estos factores modernos exigen que esta regla y toda otra regla aplicable sea empleada para mejorar el grado de cuidado que debe exigirse a los dueños de vehículos:

"No obstante, las cortes han tomado puntos de vista opuestos; algunas imponen al peatón inocente el peso de la prueba. En general las cortes son propensas a seguir una actitud poco práctica, inhumana y demasiado cautelosa."

La regla anteriormente enunciada parecería ser aplicable *a fortiori* entre el dueño de un autocamión guiado negligentemente, y el conductor cuidadoso de un automóvil cuya posición con frecuencia es más difícil y cuya oportunidad para evitar el daño es generalmente menos favorable que la del peatón que está igualmente alerta.

Véase el caso de *Ramos de Anaya* v. *López,* 36 D.P.R. 499.

La mejor práctica hubiese sido alegar expresamente que

el conductor del autocamión actuaba dentro de las atribuciones de su empleo en el momento del accidente. Si se hubiese presentado una excepción previa y la corte inferior la hubiese declarado con lugar, no es probable que tal resolución hubiese sido revocada en apelación. *Maldonado* v. *Ávalo Collazo,* 38 D.P.R. 526. Si el demandado hubiese presentado una objeción oportunamente, el demandante hubiera tenido oportunidad de enmendar la demanda. Tanto la forma de la contestación como la actitud del letrado del demandado durante todo el curso del procedimiento, admitieron la suficiencia de la demanda para los fines del juicio. La objeción fué presentada demasiado tarde al ser levantada por primera vez después que la omisión en cuestión había sido suplida por la prueba del demandante.

 Puede suceder que con la presentación de prueba para establecer hechos admitidos, el demandante igualmente renunciara su derecho de objetar a la prueba ofrecida por el demandado sobre una controversia no levantada por la contestación. Pero según vemos la prueba admitida por encima de tal objeción, la cuestión carece de importancia.

Carlos del Campo no declaró, como dice el juez sentenciador, que el autocamión estaba cargado de muebles de su pertenencia. No dice aun que él hubiese cogido prestado el autocamión. Lo que dijo fué que él había pedido a su patrono que le prestara el autocamión a fin de traer algunos muebles de Maunabo a Yabucoa y que se dirigía de Yabucoa a Maunabo. Por tanto, no hay conflicto entre esta declaración y la del demandante al efecto de que el autocamión estaba vacío en el momento en que ocurrió el accidente. A juzgar por la declaración de del Campo, su principal pudo haberle dicho que se cargara a sí mismo, o al dueño de los muebles en cuestión, el precio corriente, o un tipo más bajo, o que trajera los muebles con otros efectos y mercancías que tuvieran que transportarse en el curso ordinario de los negocios. Del Campo no dice que él se dirigía a buscar los muebles, o que no actuaba dentro de las atribuciones de su

empleo en el momento que ocurrió el accidente. Esa puede que sea una inferencia legítima de lo que él dijo sobre su solicitud de que se le diera permiso para usar el autocamión, si su declaración a este respecto puede ser aceptada por el valor que de su faz merezca. Pero si a la luz de todas las circunstancias esa declaración no inspira confianza, tampoco estaba la corte inferior, ni lo está esta corte, obligada a creerla o a ampliarla, haciendo de la misma conclusiones innecesarias.

Del Campo atribuye el accidente a la mucha velocidad que traía el automóvil, el que, según él, venía subiendo la pendiente a razón de 20 o 25 millas por hora, mientras él viajaba como a 8 o 10. También insiste en que él iba por la derecha de la carretera, que tenía el dominio del autocamión y que ya se había parado; que el automóvil pudo muy bien haber pasado al autocamión echándose un poco más a la derecha, ya que la cuneta era llana, pero que cuando le aplicaron los frenos el automóvil patinó y chocó con la rueda posterior del autocamión. La prueba del demandante fué al efecto de que el automóvil se había detenido y estaba parado a la derecha del autocamión cuando fué chocado por la rueda posterior de éste.

Del Campo dice también, sea inadvertidamente o por alguna otra causa, que tenía por costumbre caminar por el centro de la carretera hasta que oía que se acercaba algún vehículo, y que entonces se echaba hacia la derecha. Una colisión entre la rueda posterior y el parachoque (*bumper*) de un carro que esté parado a la derecha de una carretera, sería el resultado lógico de la tentativa tardía por parte del conductor de un autocamión de abandonar el centro de la carretera y de pasarle al vehículo que está parado, antes de que la parte posterior del autocamión hubiese tenido suficiente espacio. No hubo duda alguna en la mente del juez sentenciador en el presente caso respecto a la cuestión de negligencia por parte del conductor del autocamión.

Manuel Ortiz, el demandado en el presente caso, al

día siguiente del accidente manifestó al padre del demandante, Antonio Guzmán, que mandara a reparar el carro y le enviara la cuenta a él, para él a su vez enviársela a la compañía de seguros, ya que el autocamión estaba asegurado. Aquí tenemos una admisión implícita de responsabilidad por parte del principal, e incidentalmente una admisión similar de que el conductor del autocamión estaba actuando dentro de las atribuciones de su empleo en el momento en que ocurrió el accidente. Esta admisión proviene de la persona más interesada en que se establezca la única defensa levantada durante el juicio. Según los autos revelan, solamente Ortiz podía corroborar la prueba del único testigo que ocupó la silla testifical a favor del demandado. El silencio a veces es más elocuente que las palabras. Tal admisión, no explicada, es más que suficiente para contrarrestar cualquier inferencia más o menos dudosa que pudiera hacerse de la declaración de del Campo al efecto de que había solicitado permiso para usar el autocamión.

■ Incumbía al demandado neutralizar, de no destruir mediante preponderancia de prueba, la presunción de que el conductor del autocamión actuaba dentro de las atribuciones de su empleo. El demandado ha dejado claramente de hacer esto.

La sentencia apelada *debe ser revocada, y en su lugar esta corte dicta sentencia* a favor del demandante por la suma de quinientos dólares, con las costas.

El Juez Asociado Sr. Texidor no intervino.