MONSERRATE VÉLEZ, demandante y apelado, *v.* ARMSTRONG HERMANOS, demandados y apelantes.

No. 4630.—*Sometido:* Noviembre 12, 1929. *Resuelto:* Marzo 18, 1930.

*Dubón & Ochoteco*, abogados de los apelantes; *Guillermo S. Pierluissi* y *R. Atiles*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En la demanda en este caso se alegó esencialmente que el demandante, un mayor de veinte y un años, el día 15 de agosto de 1927, a las 7 p. m. iba por la calle de la Marina, de Ponce, con dirección a la Plaza, conduciendo un carrito de mano, con chinas y piñas, y al llegar a la esquina de la calle del Jobo, y en momentos en que pasaba junto a un automóvil que estaba parado frente a la Clínica del Dr. Pila, el automóvil No. 3938, propio de la social demandada, que venía detrás del demandante, chocó con el carro de mano de este último, dándole con el guardalodos traseros, y lanzando al demandante contra el automóvil que estaba parado, y sufriendo el demandante fuertes contusiones en pecho y espalda, y hemorragia en el bazo, por lo que tuvo que sufrir una seria operación con reclusión de dos semanas, originándosele daños materiales y morales, de consideración, quedando en precaria condición de salud, e indefinidamente incapacitado para ganarse el sustento; que los daños ocasionados por la operación montan a cuatro mil dollars, y su incapacidad para el trabajo a dos mil dollars, y el sufrimiento moral a mil dollars; que el automóvil No. 3938, era en la fecha del accidente, propiedad de Armstrong Hermanos, e iba guiado por el *chauffeur* Juan Pajés, *chauffeur* de la demandada, actuando en ese momento dentro del radio de sus facultades como tal, y quien por su conducta negligente y culpable causó el daño.

Negó la demandada las alegaciones esenciales de la demanda; y fué el pleito a juicio, recayendo sentencia contra la demandada por quinientos dollars como indemnización, con las costas y honorarios de abogado. Y de esta sentencia apeló la demandada.

Aunque en el alegato se señalan catorce errores, la apelante ha tenido el acierto de reducirlos a cinco, agrupando los afines.

De estos cinco grupos, el primero es como sigue:

"Primero: La corte cometió error condenando a la demandada. sin que se demostrara que la persona que conducía el automóvil de su propiedad era un empleado suyo, que entonces estaba en el desempeño de funciones de su empleo, y en el ejercicio de sus facultades como tal empleado, o en ocasión de los mismos, y que incumbía a la demandada probar que en el momento de ocurrir el accidente la persona que conducía el automóvil de su propiedad no actuaba como Agente de la demandada."

Es indispensable, tanto para lo que concierne a este señalamiento como para resolver algún otro, hacer una reseña de la prueba en el caso, relacionándola con las alegaciones de las partes.

El demandante había alegado el accidente ocurrido, la propiedad por parte de la demandada, del automóvil, y el hecho de ser Pajés un *chauffeur* de Armstrong Hermanos, al servicio de éste en el momento en que ocurrió el accidente, y en la esfera de sus funciones en esa ocasión.

La propiedad del automóvil fué admitida; la ocurrencia del accidente fué discutida en cuanto a la forma en que sobrevino, y actuación del demandante; la calidad de *chauffeur*, ejercicio de funciones del empleo, etc., fueron negadas.

Es el extremo más importante, el referente a si, de acuerdo con la alegación se probó que Pajés era *chauffeur* de la demandada. Que él iba guiando el automóvil, está probado por todo el testimonio, y por su propia declaración. Pero que él fuera *chauffeur* de la demandada, ni se probó, ni se intentó probar.

El demandante, en su declaración, dijo que conoce de nombre al que guiaba, que le ha visto, y que es comisionista de la casa Armstrong; que Pajés se tiró del carro, y dijo al demandante que no se apurase, que la compañía aseguradora pagaba. En el contrainterrogatorio se advierte la dificultad en que se encuentra el testigo para cohonestar sus afirmaciones relativas a que se vió y oyó a Pajés, con la que hizo de que cuando recibió el golpe, cayó y perdió el conocimiento.

El testigo Angel Morey, dijo conocer a Pajés como vendedor de la social Armstrong Hermanos, sin que sepa en qué condiciones, ni si vende por su propia cuenta; no sabe si el 15 de agosto de 1927 a las 7 de la tarde estaba, o no, Pajés vendiendo por cuenta de Armstrong Hermanos.

El testigo Pablo García no conoce a Pajés.

Aquilino Martínez, reconoce en el salón de la corte al que guiaba el automóvil, que es Pajés, y dice que ése es su nombre, y que Pajés se apeó, y dijo al lesionado que no se apurase, que el carro era de Armstrong Hermanos, estaba asegurado, y la compañía arreglaría aquello.

Víctor López, tampoco conoce de nombre a Pajés, pero sí le vió bajar del automóvil, y lo oyó que decía que el carro estaba asegurado, y que era de la casa Armstrong.

Esta fué la prueba de la parte demandante en ese extremo.

Como se ve la alegación en que se establece que Pajés era *chauffeur* de Armstrong Hermanos quedó sin prueba alguna. No se ofreció enmienda alguna a la demanda.

Parece que ese extremo pudiera ser sometido a la regla del artículo 142 del Código de Enjuiciamiento Civil, cuyo texto es:

"Art. 142. En cualquier estado de un pleito la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por razón de dicho error o defecto."

Pero debe notarse que se trata de errores o defectos que "no afecten a lo esencial de los derechos de las partes." En el caso presente la situación sería distinta si se trata de un *chauffeur* dedicado constantemente a ese servicio, y sólo por excepción fuera de la esfera de su servicio, a un empleado que no tiene que ver con el automóvil, y acerca de quién es necesaria más fuerte prueba. Aún así la prueba no da otra cosa que la indecisa declaración de Morey, que dice que Pajés era vendedor de la social demandada. Y con eso no

basta para fundar una sentencia de responsabilidad por actos de otro. Precisa, indiscutiblemente, que se prueben, el empleo, las funciones propias del mismo, y que el accidente ocurrió por la negligencia del empleado en el desempeño de esas funciones. Estos son los casos en que la relación entre el patrono y el hecho negligente, no se establece directa e inmediatamente; y el lazo que crea la obligación viene de un acto anterior del patrono, la designación del agente, y de una circunstancia de la mayor fuerza en estos casos; que la negligencia del agente surgió durante el desempeño de sus funciones, en el uso de la autoridad que por su cargo y para tales funciones tenía.

En *Vélez* v. *Llavina,* 18 D.P.R. 656, se declaró el carácter de excepcional que tiene esta responsabilidad. Se dice allí:

"Es, pues, la regla general que se responde por esos actos u omisiones *propios* y si alguna vez se ha de responder por actos u omisiones *de otra persona,* esto constituirá una excepción a la regla."

Y luego (pág. 665, tomo citado) se dijo:

"Si, pues, la responsabilidad por culpa de otro es una excepción a la regla general de que nadie debe responder sino por sí, y ha sido necesario que surgieran tantas teorías para justificar el castigo civil por culpa o negligencia ajena, tal responsabilidad no puede exigirse sino cuando la excepción ha sido claramente consignada en la ley, porque revistiendo esa responsabilidad en cierto modo el carácter de pena, aunque civil, debe aplicarse el principio de que sólo puede una persona ser castigada, aunque sea civilmente, cuando la ley claramente lo ha dispuesto."

Después de la doctrina en el caso que estamos comentando, y frente al artículo 1804 del Código Civil, es innecesario añadir nada en la presente opinión. En cuanto a la responsabilidad de los dueños de establecimiento o empresa, es perfectamente claro que los términos o requisitos que el Código exige para ello, aparte de la existencia del establecimiento o empresa son éstos:

(*a*) Materia: El perjuicio causado.

(*b*) Personas: El dependiente o agente principal.

(c) Ocasión: La del desempeño de funciones propias del cargo.

El examen de los hechos en cada caso debe traer al juzgador a la declaración de que existe, o no, la responsabilidad del que no fué autor material y directo del hecho que originó el perjuicio.

Este tribunal ha venido aplicando la doctrina enunciada en gran número de ocasiones. Pero, entre ellas, debe mencionarse con mejor aplicación en este caso, la decisión en el caso *Aguayo* v. *Municipio de San Juan,* 35 D.P.R. 427. Se dijo:

"(4) Éste fué un pleito contra el Municipio de San Juan por la negligencia de un empleado que conducía un carro perteneciente al municipio. Aunque ninguna de las partes lo ha notado, no hubo nada en la demanda ni en la prueba que demuestre que el demandado usaba el carro en relación con alguno de los deberes que tenía para con dicho municipio; ni que estaba en asuntos de la ciudad de San Juan. La prueba, en verdad, tendió más bien a indicar que el domingo en que ocurrió el accidente los ocupantes del carro salieron a paseo. Dentro de las circunstancias no vemos cómo podía ser sentenciada por daños y perjuicios la ciudad de San Juan. Como no se probó nada acerca de la naturaleza del automóvil o del negocio del demandado, surge la cuestión de si podía el Municipio, en todo caso, ser responsable a no ser que por lo menos se probara que un funcionario autorizado del municipio viajaba en el carro para que el acto del empleado pudiera considerarse como del principal."

En todos los casos, la circunstancia de que el empleado causante del daño esté en los momentos en que lo causa, en el ejercicio de una función de su cargo, función que redunda en beneficio de su principal, es indispensable para que se determine la responsabilidad de este último.

En el caso presente, ese extremo, no sólo no se probó, sino que parece que ni se intentó probar. Tendemos a declarar que no se trata de un caso de conflicto de prueba, sino de ausencia de prueba por la parte demandante. Y si entramos en el examen de la prueba de la demandada, encontramos la declaración de Pajés, no contrarrestada por otra

evidencia, y de la que resulta que Pajés en aquella ocasión llevaba el automóvil a guardar en el garage; y no iba en función alguna de su empleo de vendedor.

No queremos cerrar esta opinión sin decir algo que ha llamado nuestra atención. El demandante declaró que a consecuencia del accidente tuvo fuerte hemorragia por boca y nariz; que quedó inútil para el trabajo; que tuvo, tiempo después, que ser atendido en el hospital, a consecuencia de resultas del mismo accidente. El Doctor Pila, testigo intachable, declaró que no vió esa hemorragia; que el demandante no quedaba impedido para el trabajo; y que la segunda vez que fué a la Clínica, su enfermedad era una uretracistitis gonocóccica. Su declaración fué sincera, clara, honrada, y en ella resplandece la verdad. Ese testimonio hace que sea, no ya sospechoso, sino falto de verdad, el del demandante.

En esas condiciones, y con esa prueba, no puede declararse la responsabilidad de la demandada. La serie de relaciones que exige la ley, no existe en este caso; y por ello fué error de la corte tal declaración de responsabilidad.

Es innecesario referirse a los otros señalamientos de error, ya que el apuntado hace precisa la revocación.

*Debe revocarse la sentencia apelada, dictándose en su lugar otra declarando sin lugar la demanda, sin especial condena de costas.*