DIONISIO LOTTI, demandante y apelado, *v.* THE CHARLES MC-CORMICK LUMBER Co., demandada y apelante.

Núm. 7168.—*Sometido:* Febrero 17, 1937. *Resuelto:* Abril 21, 1937.

*Wilson P. Colberg*, abogado de la apelante; *F. Zapater, Cayetano Coll y Cuchí* y *Guillermo Silva*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA emitió la opinión del tribunal.

En 11 de mayo de 1933 Dionisio Lotti viajaba por la Carretera Central en dirección de Río Piedras a Caguas en un automóvil Ford que había fletado, manejado por el conductor Francisco Bermúdez. Como a las 5:30 de la tarde, al llegar al kilómetro 24.5, donde hay una cuesta, dieron alcance a un camión que caminaba en la misma dirección. Bermúdez dió aviso con su bocina al conductor del camión para que le diera paso. En el momento de pasar, a una distancia de treinta o treinta y cinco metros del punto más alto de la pendiente,

apareció un automóvil Chevrolet que venía en dirección contraria conducido por José Eugenio Géigel. Cuando Bermúdez alineaba el automóvil Ford a su derecha, después de haberse adelantado al camión, el automóvil Chevrolet, que venía a una velocidad de treinta a cuarenta millas y por el centro de la carretera, topó con el automóvil Ford por su lado izquierdo. Como resultado de la colisión Dionisio Lotti sufrió la fractura de la quinta costilla derecha en dos partes, y de la sexta, séptima y octava costillas del mismo lado, habiendo sufrido lesiones que ocasionaron una pleuritis plástica localizada alrededor de la quinta y sexta costillas.

Dionisio Lotti inició la presente acción reclamando de la demandada la cantidad de $3,000 por los daños y perjuicios sufridos en el referido accidente, alegando, entre otras cosas, que el automóvil Chevrolet que le causó las lesiones pertenecía a la referida demandada The Charles McCormick Lumber Co., en la fecha en que ocurrió el accidente, e iba conducido negligentemente a una velocidad exagerada por José Eugenio Géigel, empleado de la demandada, en el momento de ocurrir la colisión, cuando caminaba de Caguas a Río Piedras en funciones de su empleo.

La Corte de Distrito de San Juan declaró con lugar la demanda y dictó sentencia concediendo al demandado una compensación de $1,350.

En los errores primero, segundo y quinto, que podemos discutir conjuntamente, se alega que el tribunal *a quo* erró al estimar probado que José Eugenio Géigel era, el día 11 de mayo de 1933, un empleado o agente de la demandada, y que actuaba, en el momento de ocurrir el accidente, en el curso y desempeño de sus funciones como empleado, y al sostener que la prueba de la propiedad del vehículo y de que el conductor era agente de la demandada hace surgir la presunción de que dicho conductor actuaba, al ocurrir la colisión, como tal agente en el desempeño de sus funciones y en el curso de su empleo.

La Corte de Distrito de San Juan, en una juiciosa y bien redactada opinión escrita por el Hon. Juez Llauger sostiene que habiéndose probado por el demandante que el automóvil Chevrolet que ocasionó las lesiones pertenecía a la corporación demandada en la fecha en que ocurrió el accidente, surge la presunción *juris tantum* de que José Eugenio Géigel era, el 11 de mayo de 1933, un empleado de la demandada, en el ejercicio de sus funciones como tal en el momento de ocurrir el accidente, a tenor de la regla procesal establecida por esta Corte Suprema en el caso de *Sánchez* v. *Asiatic Petroleum Co.*, 40 D.P.R. 104. Entiende el tribunal *a quo* que tal presunción no quedó controvertida por la prueba de la demandada.

Del interrogatorio a que fué sometido Arturo H. Géigel, representante de la demandada en Puerto Rico y hermano de José Eugenio Géigel, copiamos lo siguiente:

"A. Dígame testigo, ¿cuántos empleados tiene usted bajo su dirección como representante de esta casa en Puerto Rico?

T. Mi persona y mi hermano.

A. Dígame, testigo ... ¿dice usted que tiene nada más que dos empleados, usted y su hermano?

T. Sí, señor.

A. ¿Cómo se llama su hermano?

T. José Eugenio Géigel.

A. ¿Qué puesto ocupa ahí?

T. Asistente de un servidor.

.   .   .   .   .   .   .   .   .   .

A. Dígame usted, además de su hermano y de usted, que son los que realizan el trabajo de oficina, ¿tiene usted algún otro empleado?

T. Ninguno; en absoluto.

A. ¿Y quién le corre a usted los *trucks* que tiene, los carros de la compañía?

T. El automóvil Chevrolet, que guío yo o mi hermano.

A. Ese carro, ¿es de la compañía?

T. Sí, señor.

A. ¿Y no lo guía su hermano?

T. También.

A. Entonces ¿lo guían los dos?

T. Los dos, sí, señor."

No creemos que la corte inferior incurriera en error al estimar probada la relación de agencia entre José Eugenio Géigel y la demandada.

█ Nuestro Código Civil dispone como regla general de derecho que aquél que por acción u omisión cause daño a otro interviniendo culpa o negligencia, está obligado a reparar el daño causado, no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes deba responder, y provee expresamente que los dueños o directores de un establecimiento o empresa son responsables de los daños y perjuicios causados por la negligencia de sus dependientes en el servicio de los ramos en que los tuvieren empleados o con ocasión de sus funciones.

Interpretando los preceptos del Código, esta corte estableció, desde 1917, que cualquier empresa o establecimiento que sea dueño de un automóvil, es responsable de los daños y perjuicios que negligentemente cause un empleado suyo mientras maneja dicho antomóvil en el curso de sus funciones. *Truyol* v. *West India Oil Co.*, 26 D.P.R. 361. También ha dicho este tribunal que en una acción entablada con motivo de los daños y perjuicios causados por un automóvil de cualquier empresa o establecimiento mientras esté negligentemente manejado por un empleado o agente de éste al ocurrir el accidente, surge la obligación de probar, entre otros elementos de la acción, (1) que al ocurrir el accidente el causante de los daños era un empleado o agente de la empresa demandada, y (2) que éste iba actuando en ese momento en el desempeño de sus obligaciones como tal. *Vélez* v. *Armstrong Hnos.*, 40 D.P.R. 709.

En el caso de *Ramos de Anaya* v. *López,* 36 D.P.R. 499, se resolvió que probado que el camión perteneciente al demandado iba conducido por su agente al ocurrir el accidente, debe presumirse que dicho agente actuaba en el desempeño de sus atribuciones. Esta regla fué aplicada nuevamente en el caso de *Guzmán López* v. *Ortiz,* 39 D.P.R. 184, en que se revocó una sentencia de la corte inferior basada en que

aunque el vehículo perteneciente al demandado iba guiado al ocurrir el accidente por el conductor del mismo, no se probó afirmativamente que dicho conductor estaba entonces actuando en el ejercicio de sus funciones. Esta corte resolvió, al revocar dicha sentencia, que una vez probado que el vehículo pertenecía al demandado y que era conducido por un empleado de éste, no era necesario probar afirmativamente que dicho empleado actuaba en el ejercicio de sus funciones.

En el citado caso de *Sánchez* v. *Asiatic Petroleum Co.*, supra, se reclamó indemnización de la empresa mencionada por los daños y perjuicios causados al demandante por un *truck* de la demandada dedicado a transportar gasolina o petróleo. El demandante no presentó prueba alguna de que la persona que manejaba el autocamión de la demandada era un empleado de ésta y que estuviera en el ejercicio de sus funciones como tal en el momento de ocurrir el accidente. El demandante probó, sin embargo, que dicho autocamión tenía pintado el nombre de la demandada, The Asiatic Petroleum Co., que esta corporación hacía negocios en Puerto Rico, y que tenía dicho autocamión inscrito a su nombre en el Departamento del Interior en la fecha en que ocurrió el accidente. La corte inferior declaró con lugar una moción de *nonsuit* radicada por la demandada al terminarse la presentación de la prueba de cargo, y dictó sentencia desestimando la demanda por el fundamento de que el demandante no presentó prueba sobre los referidos extremos. Al revocar dicha sentencia este tribunal, por voz del Juez Asociado Sr. Aldrey, se expresó en los siguientes términos:

"Cuando, negligentemente se causa daño a una persona o a su propiedad por un vehículo de un establecimiento o empresa en una carretera o camino público, no es necesario que el perjudicado pruebe que dicho vehículo estaba manejado en ese momento por un empleado de tal establecimiento o empresa y que estaba en el cumplimiento de sus deberes como tal empleado, pues surge la presunción de que era manejado por el empleado en el cumplimiento de sus deberes para con su principal. No es presunción que descanse en otra presunción como dice la apelada, pues la presunción *juris tantum*

de pertenecer en este caso el autocamión a la apelada descansa en el hecho de estar registrado a su nombre, mientras que la presunción de igual naturaleza de estar manejado por un empleado de ella en el cumplimiento de sus deberes como tal empleado surge de otro hecho, cual es el de estar manejado por una persona en una carretera o camino público. No puede exigirse a una persona que sufre daños de esa naturaleza que tenga que averiguar y probar los hechos que en muchas ocasiones no están en su conocimiento. Sería un completo fracaso de la justicia que tal prueba se exigiera por ser lógico suponer, mientras no se pruebe lo contrario, que regularmente los vehículos dedicados al negocio de un establecimiento o empresa están manejados por el dueño o por sus empleados en el cumplimiento de sus funciones.''

En *Almodóvar* v. *Acosta,* 43 D. P. R. 200, se probó que el vehículo que ocasionó el daño se hallaba bajo el dominio del demandado en el momento en que ocurrió el accidente. Esta corte declaró que existía una fuerte presunción de que dicho vehículo era conducido por uno de los empleados del demandado.

La parte apelante arguye en su alegato que las autoridades más respetables en las jurisdicciones continentales se pronuncian en contra de lo resuelto por la Corte de Distrito de San Juan y que, asumiendo a los efectos de la argumentación solamente que esta presunción fuera posible, hubiera sido necesario prueba directa de la agencia y sus características, facultades y limitaciones, ya que de hacerlo por inferencias, como ocurriría en este caso, sería establecer una presunción basada en otra presunción, principio repudiado por la jurisprudencia.

Este argumento aparece contestado por esta corte en *Sánchez* v. *Petroleum Co.,* supra, y por la mayoría de los tribunales continentales. Es muy cierto que en un número de jurisdicciones norteamericanas se sostiene que la mera prueba de que al ocurrir el accidente el demandado era dueño del automóvil que causó los daños no es suficiente para establecer la presunción o inferencia prima facie de que la persona que manejaba el automóvil era agente o empleada del deman-

dado y de que actuaba dentro de los límites de tal agencia o empleo. Estos tribunales sostienen que el demandante tiene la obligación de probar ambos elementos de su causa de acción con prueba directa y afirmativa. El argumento que generalmente aducen las cortes que sostienen esta regla es el mismo utilizado por la parte apelante en su alegato, quien sostiene que si se considera la prueba de la propiedad del automóvil como evidencia prima facie de que la persona que lo conducía al ocurrir el accidente era agente del demandado y actuaba en el ejercicio de sus funciones, se establece una presunción basada en otra presunción, lo cual está en pugna con el conocido principio de que una presunción sólo puede estar basada o fundada en hechos probados directa y afirmativamente y no en otra presunción. Para sostener esas teorías cita un número de decisiones de diversos tribunales estaduales.

Esta doctrina, sin embargo, no es la regla predominante en la mayoría de las jurisdicciones americanas ni está considerada como la mejor y la más justa. En la actualidad la mayoría de los tribunales sostiene el criterio de que la prueba de que el demandado era dueño del automóvil que causó los daños en la fecha en que ocurrió el accidente, crea la presunción *juris tantum* de que en dicha fecha la persona que manejaba dicho automóvil negligentemente era empleada o agente del demandado y actuaba en el curso y desempeño de sus atribuciones. Véase la nota que aparece en 42 A.L.R. 900–902.

La Corte Suprema de Arizona, en el caso de *Baker* v. *Maseeh,* 20 Ariz. 201, 179 P. 53, se expresa así:

"Arguye el demandante que la moción para que se ordene un veredicto fué propiamente denegada por la razón de que la prueba del hecho de que el demandado era dueño del automóvil que causó el daño constituye evidencia prima facie de que el vehículo iba conducido por él y de que actuaba en el curso de sus negocios, siendo este criterio, a nuestro juicio, el más correcto. En la obra de Shearman & Redfield sobre 'Negligencia', vol. 1, párrafo 158, se dice:

" 'Cuando el demandante ha sufrido daño causado por la negligencia en el manejo de un vehículo, como un bote, carro o carruaje, es suficiente demostrar que el demandado era dueño de la cosa, para establecer evidencia prima facie de que la negligencia era imputable a él sin necesidad de probar afirmativamente que la persona a cargo de la cosa era sirviente del demandado. Corresponde a éste probar que dicha persona no era su sirviente, debiendo demostrar, si puede, que la propiedad no estaba bajo su control al tiempo del accidente, el cual fué ocasionado por la falta de un extraño, un contratista independiente u otra persona por cuya negligencia el dueño no sería responsable.' "

Más adelante dice la misma corte:

"La regla de que la prueba del dominio establece un caso prima facie está basada en las mejores razones. Cuando el carro de una persona es conducido por otro, es de asumirse que de este hecho tiene conocimiento el dueño, quien puede prontamente demostrar que el vehículo no estaba manejado por él, si ésta es la verdad.... Una persona a quien se causan daños corporales o en su propiedad por un automóvil negligentemente manejado por otra persona distinta del dueño, carece usualmente de información con respecto a las relaciones que medien entre el conductor y el dueño. Si se le exigiera que ofreciese prueba afirmativa de la relación, quizás no podría nunca hacerlo, por justa y meritoria que fuese su causa de acción basada en el manejo negligente de un vehículo.

"Por otra parte, si se sostuviera, mediante prueba del dominio y de la negligencia, que incumbe al demandado demostrar que el carro era guiado al tiempo del accidente por un extraño u otra persona no conectada con sus negocios, la persona que tenga un caso meritorio resultaría protegida y no se cometería injusticia alguna con el dueño.

"Los tribunales no están completamente de acuerdo en cuanto a la proposición de que la prueba del dominio establece un caso prima facie. Se han adoptado puntos de vista opuestos en varios casos. (Citas.)

"En esta jurisdicción, sin embargo, la cuestión presenta un caso de primera impresión, y, por las razones arriba expuestas, hemos adoptado la regla más liberal y sostenemos que la prueba del dominio constituye evidencia prima facie de que el conductor de un vehículo que causa daños debido a su negligencia es el sirviente o agente del dueño y que usa dicho vehículo en el curso de los negocios de éste."

En *Enea* v. *Pfister,* 180 Wis. 329, 192 N.W. 1018, se argumenta en parecidos términos cuando se dice:

"Es fácil generalmente probar el dominio del carro que causó el daño. Los archivos públicos producen evidencia de este hecho. Pero la cuestión de si el carro, al tiempo de ser manejado, se utilizaba en los negocios del demandado, es una cuestión que descansa peculiarmente dentro del conocimiento del demandado y que en ocasiones es excesivamente difícil de probar por parte del demandante. Las exigencias de la justicia requieren la aplicación de esta regla, que nosotros aprobamos y adoptamos.

El comentarista Wigmore se expresa en igual sentido en la segunda edición de su obra, sección 2510 *a,* Vol. V, pág. 502; *Guzmán López* v. *Ortiz,* supra.

Las decisiones que hemos citado demuestran claramente la necesidad y la conveniencia de adoptar esta regla que ya ha sido reconocida por este tribunal en distintas decisiones. No sería justo variar esta regla por un fundamento como el argüido por la parte apelante, de que la misma establece una presunción basada en otra presunción. En realidad no se trata sino de dos presunciones independientes que surgen de un mismo hecho que el demandado, en estos casos, puede fácilmente, si le asiste la razón, rebatir mediante evidencia directa. En el presente caso el demandado no ha ofrecido prueba alguna para rebatir estas presunciones. Tampoco cabría variar dicha regla por el hecho de que el demandante podría en determinadas ocasiones obtener de la corte una orden de *subpoena duces tecum.* El demandante estaría obligado a especificar en su moción qué documentos desea que la empresa demandada traiga ante el tribunal. ¿Cómo podría exigirse que tenga conocimiento de los documentos de la demandada en que aparecen datos que puedan utilizarse como evidencia directa de los dos extremos a que nos hemos referido? La distinción que trata de establecer la parte apelante entre este caso y el de *Sánchez* v. *Asiatic Petroleum Co.,* supra, carece de importancia. Los casos son completamente idénticos en cuanto a la presunción establecida por la regla

que ha adoptado este tribunal. Deben desestimarse los errores apuntados.

Se alega como tercer error la resolución de la corte inferior declarando sin lugar la excepción previa a la última demanda enmendada radicada en 13 de junio de 1934, sobre falta de hechos para constituir una causa de acción. Este error no aparece argumentado por la parte demandada y lo desestimamos porque de un estudio que hemos hecho de la demanda entendemos que en la misma se aducen hechos bastantes para sostener la acción ejercitada.

Se alega también que la corte inferior erró y abusó de su discreción al imponerle a la demandada las costas, gastos y desembolsos incurridos por la parte actora. Sobre este particular, después de un estudio de los autos, nos inclinamos a respetar el criterio sostenido por el tribunal *a quo* en el uso de su discreción.

*Debe confirmarse la sentencia apelada.*