NEMESIO MORALES CRUZ, demandante y apelante, *v.* DELIA MEJÍAS, INC., demandada y apelada. SANTIAGO VELÁZQUEZ RIVERA, demandante y apelante, *v.* DELIA MEJÍAS INC., demandada y apelada.

Núms. 8811 y 8812.—*Sometidos:* Enero 19, 1944. *Resueltos:* Mayo 31, 1944.

*Carlos E. Colón,* abogado de los apelantes; *Miguel Marcos Morales,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Delia Mejías, Inc., una corporación doméstica con oficina principal en Ponce, Puerto Rico, y dedicada a la industria

de la aguja, fué demandada separadamente por Nemesio Morales Cruz y Santiago Velázquez Rivera en reclamación de daños y perjuicios sufridos en un accidente de automóvil. El accidente en cuestión se describe en las demandas como sigue:

". . . . . . en julio 19 de 1941, como a eso de la 1:40 P. M. en la calle Villa de la ciudad de Ponce, P. R. . . . . . . el automóvil licencia privada número 6452, propiedad de CARLOS MEJÍAS, conducido en aquellos momentos por FERNANDO LUIS TORRES MEDINA, empleado y agente de la demandada DELIA MEJÍAS, INC., mientras lo conducía por dicha calle Villa de Oeste hacia Este, a gran velocidad, en una forma descuidada y. negligente, se desvió hacia su izquierda yendo a chocar con un carro de piraguas propiedad del demandante (Nemesio Morales Cruz) el cual se encontraba estacionado en la orilla de dicha calle, destrozando el carro de piraguas, lanzándose violentamente contra la persona del demandante (Nemesio Morales Cruz) y de SANTIAGO VELÁZQUEZ RIVERA, que a la sazón se encontraban estacionados en la acera cerca de donde se encontraba el carro de piraguas, lesionándolos gravemente, yendo a chocar a su vez dicho vehículo con un establecimiento comercial ubicado en aquel sitio, lesionando por último a ISMAEL TORRES RODRÍGUEZ, el cual se encontraba en aquellos momentos en una de las puertas de entrada de dicho establecimiento comercial." (Paréntesis nuestros).

Se alegaba además que el referido automóvil, licencia número 6452, y su conductor iban en el momento del accidente dedicados a negocios de la demandada, Delia Mejías, Inc., y en el curso de los mismos, "bajo mandato e instrucciones dádasle por los directores o funcionarios en aquellos momentos a cargo de los negocios de dicha corporación, uno de los cuales es el propio dueño del automóvil que ocasionó el accidente objeto de esta demanda".

Contestó Delia Mejías, Inc. cada una de dichas demandas admitiendo algunos hechos alegados en las mismas y negando otros.

Llamados ambos casos para juicio el 29 de octubre de 1942 comparecieron las partes y por estipulación acordaron celebrar ambas vistas conjuntamente.

· El 28 de abril de 1943, la Corte de Distrito de Ponce dictó sentencia en cada uno de dichos casos declarando sin lugar ambas demandas enmendadas. Contra dichas sentencias han interpuesto los demandantes los dos recursos de apelación que nos ocupan.

Hemos creído conveniente considerar ambos recursos conjuntamente, ya que las cuestiones planteadas bajo los cinco señalamientos de error pueden reducirse a una sola cuestión, a saber: ¿Cometió error la corte inferior al declarar que la demandada no era responsable de los daños y perjuicios causados por la negligencia de su empleado, Fernando Luis Torres Medina?

Antes de contestar a esta pregunta haremos un análisis de los hechos que quedaron establecidos en la corte inferior y sobre los cuales no hay controversia. Son éstos los siguientes:

(a) Que el accidente ocurrió en la forma que se describe en la demanda; (b) que el mismo se debió exclusivamente a la negligencia de Fernando Luis Torres Medina al conducir el automóvil, licencia número 6452; (c) que dicho automóvil era propiedad, a la fecha del accidente, de Carlos Mejías; (d) que también para la fecha del accidente Torres Medina trabajaba como empleado en el taller de la corporación demandada; (e) que la Srta. Delia Mejías, era presidenta de la corporación Delia Mejías, Inc. así como también de la corporación American Coffee Shop; (f) que Carlos Mejías, hermano de Delia Mejías, era también accionista de la American Coffee Shop para la fecha del accidente objeto de estos pleitos, pero no era empleado de la demandada.

Además de los hechos arriba enumerados, los demandantes trataron de probar que Fernando Luis Torres Medina, empleado de la demandada, trabajaba en el taller de costura de ésta conduciendo a veces los automóviles de la demandada en gestiones del negocio de la misma; que el día del accidente, que era un sábado, como a las once de la mañana, y

obedeciendo a una llamada telefónica fué al American Coffee Shop donde la Srta. Delia Mejías le ordenó que fuese en el automóvil de Carlos Mejías al "Deportivo" a buscar a la señora madre de la Srta. Mejías para llevarla al taller de la demandada y a recoger unos manteles para el Coffee Shop. Que cuando iba a salir le dijeron que aguardara un rato y ayudara en la fuente de soda, pues era un sábado y había mucha venta en el Coffee Shop, y que hiciera las diligencias que se le habían encomendado después. Que Torres Medina tenía por costumbre ayudar en el Coffee Shop. Que como a la una y media o a las dos de la tarde, cuando se disponía a ir a cumplir con la orden que le habían dado, le dijo a la Srta. Delia Mejías que él no había almorzado y que ella le contestó que fuese a almorzar primero y luego fuese a buscar a la señora madre de ella y la llevase al taller y llevase los paños al Coffee Shop. Que cuando regresaba de almorzar e iba a buscar a la Sra. Mejías a su casa fué que ocurrió el accidente.

De ser ciertos estos hechos, ¿es la demandada responsable de los daños sufridos por los apelantes?

(1) El artículo 1802 del Código Civil (Ed. 1930) establece como regla general que aquél que por acción u omisión cause daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado y como excepción a esta regla general el artículo 1803 establece que tal responsabilidad se extiende también a aquellas personas de quienes se deba responder, disponiendo expresamente que los dueños o directores de un establecimiento o empresa son responsables de los daños y perjuicios causados por la negligencia de sus dependientes en el servicio de los ramos en que los tuviesen empleados o con ocasión de sus funciones.

Así, este tribunal, al interpretar los citados artículos del Código Civil en cuanto a su aplicación a empresas dueñas de automóviles dijo que eran responsables de los daños y perjuicios que causen dichos vehículos al ser manejados negli-

gentemente por sus empleados en el curso de sus funciones, (*Truyol* v. *West India Oil Co.*, 26 D.P.R. 361), pero que para que tal obligación sea efectiva es necesario probar (1) que al ocurrir el accidente el causante de los daños era un empleado o agente de la empresa demandada, y (2) que éste iba actuando en ese momento en el desempeño de sus obligaciones como tal. *Vélez* v. *Armstrong Hnos.*, 40 D.P.R. 709.

Sin embargo, esta regla ha sido desechada en casos posteriores con la adopción de otra al efecto de que "la prueba de que el demandado era dueño del automóvil que causó los daños en la fecha en que ocurrió el accidente, crea la presunción *juris tantum* de que en dicha fecha la persona que manejaba dicho automóvil negligentemente era empleada o agente del demandado y actuaba en el curso y desempeño de sus atribuciones." *Lotti* v. *McCormick Lumber Co.*, 51 D.P.R. 334, 337 y siguientes, donde se hace un análisis de la cuestión; *Morales* v. *Otero*, 53 D.P.R. 569 y *Aponte* v. *Palacios*, 55 D.P.R. 697, en que se sigue a *Lotti* v. *McCormick Lumber Co.*, supra.

Esta presunción es de aplicación únicamente en los casos de establecimientos o empresas que posean automóviles para el uso del negocio. No es aplicable en un caso como el de autos en que el automóvil que ocasionó el accidente era propiedad de Carlos Mejías y era utilizado para sus fines particulares.

■ Los demandantes trataron de probar que el automóvil de Carlos Mejías era usado en ocasiones para el servicio de la demandada y que en la fecha del accidente objeto de las acciones entabladas por los demandantes se hallaba prestando servicios a la demandada. Sin embargo, ni a juicio de la corte inferior, ni en nuestra opinión, lograron los demandantes establecer esto último. Es inmaterial para los efectos de estos casos el que la demandada hubiese utilizado el automóvil de Carlos Mejías para su servicio en otras ocasiones aisladas como se trató de probar. Esto no establecía presunción

alguna en favor de los demandantes, pues la presunción *juris tantum*, que hemos analizado antes, es aplicable únicamente a los casos en que la empresa demandada sea dueña del vehículo que causa el daño. En el caso de autos, el peso de la prueba recaía sobre los demandantes para probar que el automóvil estaba siendo usado en un servicio de la demandada. A tal efecto fué llamado a declarar el propio Fernando Luis Torres Medina, cuya negligencia causó el accidente por el cual reclaman daños y perjuicios los demandantes-apelantes. **Su** declaración no establece en forma alguna que él estuviese en el momento del accidente conduciendo el automóvil en el servicio de la demandada o con ocasión de sus funciones como empleado de la misma.

De esta declaración nada surge que pueda establecer la responsabilidad de la demandada por los actos de Fernando Luis Torres Medina. La orden en cuestión fué dada por la Srta. Delia Mejías, presidente de las corporaciones Delia Mejías, Inc., la demandada, y "American Coffee Shop", pero ¿fué dada esta orden para realizar algún servicio de la demandada? No, según la propia declaración del testigo la orden fué para que fuese a buscar a la señora madre de los hermanos Mejías y la llevase al taller de la demandada o al "Coffee Shop" (el testigo se contradice) y recogiese unos manteles para el "Coffee Shop". No importa que a Torres Medina se le ordenase llevar a la Sra. Mejías de su casa al taller de Delia Mejías, Inc. Dicha señora ni trabajaba allí, ni era accionista de la corporación de manera que su presencia allí en nada servía a dicha corporación; en nada la beneficiaba. Tampoco los manteles que se le ordenó recoger, eran para la demandada y sí para el "American Coffee Shop", que es una corporación distinta a la aquí demandada.

*Por las razones expuestas, no creemos necesario ir más lejos para convencernos de que carecen de fundamento los errores señalados por los apelantes y de que deben confirmarse las sentencias apeladas.*

El Juez Asociado Sr. Snyder no intervino.