COLÓN, DEMANDANTE Y APELADO, v. SCHLUTER & CO., S. EN C.,
DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, sobre cumplimiento de contrato.

No. 1982.—Resuelto en agosto 1, 1919.

AGENTE—MANDATARIO—PRINCIPAL—COMPRAVENTA DE MERCANCÍAS—PRUEBA NE-
CESARIA.—Cuando se trata de obligar al cumplimiento de un contrato de venta
de mercancías hecho por un supuesto agente del vendedor, el demandante
está en la obligación de establecer no solamente que se ha consumado una
venta, sino además la autoridad que tenía el agente para hacerla a nombre
del principal o sea, la relación entre el principal y el agente.

Los hechos están expresados en la opinión.
Abogados de los apelantes: *Sres. Francis & de Jesús.*
Abogado del apelado: *Sr. Juan B. Huyke.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

Emilio Colón estableció demanda para el cumplimiento
de un supuesto contrato de compraventa de sesenta tone-
ladas de fertilizante al precio de $54 la tonelada y la corte
dictó sentencia ordenando la entrega del abono.

El juez sentenciador, en substancia, declaró probado que
L. P. LeHardy era un agente de la compañía demandada
para la venta de determinadas mercancías y entre ellas abono;
que él ofrecía sus mercancías a precios determinados y acep-
taba órdenes por las mismas en nombre de la demandada;
que ofreció abono a Emilio Colón al precio de $54 la tone-
lada, para ser entregado en marzo y abril del año 1918, en
el puerto de Yabucoa, libre de costo, bordo y seguro; que
Emilio Colón aceptó la oferta, la que fué firmada en su nom-
bre; que Schluter y Cía. no entregaron el abono; que Le-
Hardy vendió por cuenta de Schluter y Cía. y que las ór-
denes que aceptó eran negocios de dicha sociedad; que él
fijó los precios, calidad de las mercancías, y las condiciones
de la entrega y descuento.

Con excepción de un insignificante detalle en refutación
solamente dos testigos declararon por parte del demandante,

a saber, LeHardy, supuesto agente de la demandada, y Francisco Colón, el hijo, a quien se llamaba representante del demandante.

Expresa LeHardy que en enero de 1917 trabajaba con Schluter y Compañía y que su trabajo con dicha firma consistía en viajar en comisiones; que vendía aparatos protectores de cheques y abonos; que no puede precisar con exactitud si en enero de 1917 hizo alguna operación con Emilio Colón de Yabucoa, pero sí recuerda que se le hizo una venta; que recuerda el documento que le mostró el abogado del demandante y que fué identificado por testigos como que había sido escrito por él y firmado por Emilio Colón.

El documento en cuestión dice lo siguiente:

*"Order No. 5.—Jan. 31, 1917.   M. Schluter & Co., S. en C.   Ship to Emilio Colón.—At Yabucoa.—When March April.—How ship either line.   Terms 2% cash or 1 yr. 6%.   Salesman. L. P. LeHardy. Buyer_____   60 tons—6 c54   CIF Yabucoa.   (signed) Emilio Colón."*

En contestación a una pregunta hecha por el demandante respecto a la naturaleza de la operación a que se refiere el documento que acaba de citarse y a pesar de la objeción del demandado, este testigo explica que es una copia de una venta hecha por sesenta toneladas de abono, que tiene el número 5, fecha 31 de enero; que de acuerdo con el contrato el abono vendido por el testigo debía entregarse en marzo o abril; que la carta que le mostró el abogado del demandado de fecha 31 de mayo de 1917, fué escrita y firmada por el testigo; que la otra carta de febrero 2, 1917, transcrita en la de mayo 31, la escribió el testigo a Paco Colón, hijo de Emilio, y se refiere a la operación objeto de este pleito; que el testigo escribió a Paco Colón en vez de a Emilio porque con Paco fué que hizo el negocio; que el negocio fué hecho con la casa de Colón, y Paco era un socio de la casa según tenía entendido el testigo.

En la carta de mayo 31 de 1917, en contestación a otra

carta solicitando informes a Schluter y Cía. respecto a la negociación con Francisco Colón, manifestó el testigo que en enero 31 de 1917 tomó una orden sujeta a aceptación de Schluter y Cía. por sesenta toneladas de abono a $54 la tonelada, siendo el referido abono para Francisco Colón, pero que al regreso del testigo a San Juan se enteró que el precio del abono era $60 por tonelada y que al efecto en 2 de febrero de 1917, escribió la carta que se transcribe en la de mayo 31 dirigida a Francisco Colón en la cual el testigo manifestaba, que habiendo regresado a San Juan y enterándose de que el precio de abonos era a razón de $60 por tonelada estaba dispuesto a sacrificar su comisión y entregar el abono en Yabucoa a razón de $57 por tonelada e instó a Colón a que aceptara su oferta, diciéndole que de todos modos él se ganaría $180 en la operación.

También manifestó el testigo en su carta de mayo 31 a Schluter y Compañía, que nunca hizo oferta terminante de abono a Colón por no poder hacerlo bajo ningún concepto puesto que no estaba enterado del último precio.

El testigo Francisco Colón manifiesta que LeHardy lo visitó en su oficina como representante de Schluter y Cía. para venderle abonos; que en su calidad de administrador de las fincas agrícolas de Emilio Escalera, el testigo concertó una operación con LeHardy por sesenta toneladas de abono; que la firma que aparece en la orden Núm. 5 es la firma que usa el testigo como representante de Emilio Colón; que no había recibido el abono, el cual debía entregarse algunos meses después de hecha la operación por marzo o abril.

El demandante estaba en la obligación de establecer la relación entre el principal y el agente. En ninguna otra parte hace referencia LeHardy a la clase de relaciones que tenía o a los términos y condiciones de su convenio con Schluter y Cía., aunque si era cierto que él era su agente debidamente autorizado para llevar a cabo así como para hacer negociaciones de venta, hubiera sido cosa muy sencilla para el demandante establecer ese hecho. La mayor parte de su de-

claración es claramente una interpretación errónea de la orden firmada por Francisco Colón que asumía la representación de su padre. Fuera del hecho de haberse asumido tal representación existe poca o ninguna prueba de que ni siquiera el hijo tuviera tal facultad. Ninguno de estos testigos suministra detalle alguno de la operación a la cual el juez sentenciador da el carácter de una oferta y aceptación y la declaración de ambos así como todo el pleito se funda, al parecer, en la teoría de que la orden misma era un contrato bilateral consumado simplemente porque en la misma no se hacía constar expresamente que quedaba sujeta a ratificación. Pero aun cuando esto fuese cierto el demandante estaba en el deber de establecer no solamente que se había consumado una venta sino además la autoridad que tenía el vendedor para efectuar tal contrato.

Cualquier duda que pudiera existir respecto a si la prueba aducida por el demandante pudiera considerarse en el sentido de que con ella se establecía un caso *prima facie* queda desvanecida por las manifestaciones amplias, directas y que no fueron contradichas de los testigos presentados por la defensa. Esta prueba está corroborada por la forma, tenor general y efecto de la orden misma, la cual muestra por su faz que Schluter y Cía. no presentaba a LeHardy como agente revestido de autoridad para obligarles de algún modo o hacer ninguna otra cosa que no fuera el recibir y despachar tal orden. Está también corroborada por la carta de LeHardy de fecha mayo 31 de 1917. Esta carta fué escrita cuando los hechos estaban todavía frescos en la mente del testigo de cuya veracidad responde el demandante con el hecho de llamarle como testigo.

Su declaración fué prestada más de un año después, es sumamente vaga y poco precisa, y en tanto trata de servir de base a los hechos declarados probados por la corte inferior está contradicha directamente por sus propias manifestaciones anteriores hechas por escrito.

Colón no declara tener conocimiento personal de las re-

laciones que existían entre LeHardy y sus supuestos principales y la declaración de este testigo en tanto trata de establecer la relación de agencia (esta parte de dicha declaración no se incluye en la reseña anterior) es puramente una declaración de referencia que fué admitida a pesar de la objeción de los demandados, por la teoría de que tal relación de agencia había sido establecida por la anterior declaración de LeHardy.

La sentencia apelada debe ser revocada y desestimada la demanda.

*Revocada la sentencia apelada, y desestimada la demanda.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.