José A. Sánchez, demandante y apelante, *v.* The Asiatic Petroleum Company, demandada y apelada.

No. 4300.—*Sometido:* Mayo 23, 1928.—*Resuelto:* Julio 26, 1929.

*E. Márquez Huertas,* abogado del apelante; *Diego O. Marrero, J. Sifre Jr.* y *H. Franceschi,* abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

A la edad de 69 años caminaba José A. Sánchez una mañana de diciembre por la carretera que de San Juan conduce a Cataño, a Bayamón y a Guaynabo, conduciendo a pie un carrito de mano por su derecha en la carretera y cerca de la cuneta, cuando fué arrollado y tirado al suelo por un autocamión (*truck*) de los dedicados a transportar gasolina o petróleo que caminaba en la misma dirección, al echarlo demasiado a su derecha la persona que lo guiaba para dejar paso a un automóvil, sin dar aviso alguno a Sánchez. El autocamión siguió su camino sin detenerse y Sánchez fué recogido del suelo por otras personas, resultando tener fracturadas tres costillas por lo que tuvo que ser recluído algún tiempo en un hospital, sin que ahora pueda hacer trabajo fuerte. Este autocamión (*truck-tanque*) tenía pintado el nombre de la corporación The Asiatic Petroleum Company, que hace negocios en esta Isla, y que lo tiene registrado a su nombre en el Departamento del Interior. Los hechos expuestos fueron alegados en la demanda que José A. Sánchez presentó contra The Asiatic Petroleum Co. reclamándole in-

demnización de \$1,800, y alegando también que ganaba \$1.50 diarios, todo lo cual fué probado en el juicio.

El demandante no presentó prueba de que la persona que esa mañana guiaba el autocamión era empleado de la demandada ni de que estuviera en el ejercicio de sus funciones como tal empleado, por lo que la demandada renunció a la presentación de prueba y solicitó de la corte que conoció del juicio que dictara sentencia declarando sin lugar la demanda por no ser suficiente la prueba del demandante para dictar sentencia condenatoria (*nonsuit*) por haber dejado de probar esos extremos. La corte declaró con lugar esa moción de la corporación demandada y dictó sentencia declarando sin lugar la demanda, cuyo fallo ha sido apelado por el demandante por el fundamento principal de que no tenía que presentar prueba de dichos particulares para obtener sentencia favorable.

Cuando negligentemente se causa daño a una persona o a su propiedad por un vehículo de un establecimiento o empresa en una carretera o camino público, no es necesario que el perjudicado pruebe que dicho vehículo estaba manejado en ese momento por un empleado de tal establecimiento o empresa y que estaba en el cumplimiento de sus deberes como tal empleado, pues surge la presunción de que era manejado por el empleado en el cumplimiento de sus deberes para con su principal. No es presunción que descanse en otra presunción como dice la apelada, pues la presunción *juris tantum* de pertenecer en este caso el autocamión a la apelada descansa en el hecho de estar registrado a su nombre, mientras que la presunción de igual naturaleza de estar manejado por un empleado de ella en el cumplimiento de sus deberes como tal empleado surge de otro hecho, cual es el de estar manejado por una persona en una carretera o camino público. No puede exigirse a una persona que sufre daños de esa naturaleza que tenga que averiguar y probar los hechos que en muchas ocasiones no están en su conocimiento. Sería un completo fracaso de la justicia que tal prueba se exigiera por

ser·lógico suponer, mientras no se pruebe lo contrario, que regularmente los vehículos dedicados al negocio de un establecimiento o empresa están manejados por el dueño o por sus empleados en el cumplimiento de sus funciones. Así, en el caso de *Ramos de Anaya* v. *López,* 36 D.P.R. 500, en el que se probó que el autocamión de la demandada estaba manejado por un empleado suyo pero en el que dejó de probarse que actuaba dentro de las atribuciones de su empleo, declaramos que esa prueba no era necesaria porque "cuando un camión choca con otro carro en la carretera debe presumirse que la persona a cargo del camión actuaba dentro de los límites de sus atribuciones."

Es cierto, como dice la apelada, que al actor incumbe la prueba de todos los elementos constitutivos de su acción, pero esto no quiere decir que siempre tenga que presentar prueba de todos ellos, cuando algunos surgen como presunción derivada de determinados hechos, como ocurre en este caso, pues las presunciones controvertibles no tienen que ser probadas por el actor.

Por lo expuesto la corte inferior cometió error al dictar sentencia desestimando la demanda.

Como la sentencia debe ser revocada; como la demandada renunció categóricamente a la presentación de prueba, descansando su defensa en la alegación de que el demandante no había probado su causa de acción; y como entendemos que la cantidad de $1,800 es razonable, *debe dictarse sentencia revocando la apelada y dictar otra condenando a la demandada al pago de los $1,800 reclamados, y las costas.*