Pedro Pérez y Felícita Plata, como padres de la menor Ana Delia Pérez Plata, demandantes y apelantes, *v.* Francisco García Fernández, demandado y apelado.

No. 5148.—*Sometido:* Febrero 10, 1931. *Resuelto:* Junio 24, 1932.

*R. Arjona Siaca* y *R. Atiles Moreu,* abogados de los apelantes; *Felipe Colón Díaz,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los apelantes como padres de su hija natural reconocida menor de edad Ana Delia Pérez Plata y en representación de ella demandaron a Francisco García Fernández para que pagase cierta cantidad de dinero como indemnización por las lesiones que le causó un automóvil dedicado al negocio del demandado y que manejaba en aquella ocasión su sobrino Alfredo Fernández y Vidal.

En la relación del caso y opinión en que la corte inferior fundó su sentencia declarando sin lugar la demanda dice que la cuestión primordial en este caso es si se ha probado satisfactoriamente que Alfredo Fernández Vidal era un empleado o agente del demandado en la fecha en que ocurrió el accidente y, si lo era, si estaba realizando algún acto en el curso de su empleo; agregando que la prueba fué contradictoria en cuanto a lo declarado por los testigos de una y otra parte y que los testigos de la parte demandante no han satisfecho ni convencido a la corte de que sus declaraciones sean suficientes en derecho para dejar establecida la relación de principal y agente. Después consigna un resumen de la declaración de cada testigo, las estudia en relación con otras pruebas y concluye diciendo que no habiéndose probado que Alfredo Fernández fuera agente o empleado del demandado el día del accidente huelga hacer un análisis de la prueba en

cuanto a la forma en que ocurrió el accidente, aunque no tiene inconveniente en hacer constar que Alfredo Fernández fué negligente en el manejo del automóvil y el único responsable de los daños causados a la niña menor de edad Ana Delia Pérez Plata, pero que esa negligencia no puede imputarse al demandado.

Aunque la parte apelante señala en su alegato dos motivos de error para su recurso reconoce que se trata de uno solo fundamental que es el cometido por la corte al sostener que no se probó en el juicio la agencia o relación de principal y empleado entre el demandado y Alfredo Fernández Vidal y haber aplicado jurisprudencia que no cuadra con los hechos probados.

El accidente por el cual se reclama indemnización en este pleito ocurrió el 29 de diciembre de 1927, y en esa fecha y desde hacía varios años el demandado tenía en Ponce un negocio de torrefacción y venta de café tostado. El era dueño en la fecha expresada de un automóvil privado Cadillac, azul. Ese día y en ocasión en que Alfredo Fernández guiaba ese automóvil la niña en cuyo nombre se demanda fué cogida por ese vehículo en la carretera de Juana Díaz a Ponce sitio de Coto Laurel, recibiendo lesiones.

Para demostrar la demandante que el automóvil azul Cadillac del demandado no estaba dedicado exclusivamente al uso de su familia presentó al testigo Carlos Cordero, quien declaró que el demandado transportaba en ese automóvil ataúdes y que así lo hizo para el entierro de Teresa Negrón, tía del testigo, que tenía como dos años de muerta, de su pariente Ramón Cordero Matos, fallecido en la misma época, y para el entierro del padre del abogado Manuel Toro. Para contradecir a ese testigo presentó el demandado certificaciones creditivas de que Teresa Negrón murió el 29 de agosto de 1926 y Ramón Cordero Matos el 6 de enero de 1927, y probó que ese automóvil azul lo compró posteriormente el

demandado, el 17 de octubre de 1927, según admitió la demandante.

Para probar la demandante la relación de principal y empleado entre el demandado y Alfredo Fernández presentó tres testigos. Lo substancial de lo declarado por ellos es así:

Agustín Rodríguez Torres declaró que es comerciante en Coto Laurel: que conoce al demandado a quien cree que por período de años ha comprado café tostado y molido: que en algunas ocasiones iba el demandado a su establecimiento: que el 29 de diciembre de 1927 no fué pero sí un jovencito cuyo nombre no recuerda, que fué a venderle café: después de decir que supone que llevaba el café del demandado afirmó que iba de parte del demandado, agregando que cree que sería del demandado porque era el mismo negocio: que su negocio era con el demandado: que no tenía negocio con el jovencito: que el jovencito fué en un automóvil grande que le parece era azul: que le parece que en ocasiones anteriores estuvo ese joven en su tienda: objetada esa contestación afirmó que había estado: que unas veces iba el demandado y otras el muchacho, a quien pagaba: que las otras veces que estuvo allí el joven iba en un carrito tirado por un caballo que tenía un letrero que decía, no recuerda, si "Yaucosi" o "Yaucono"; que el 29 de diciembre de 1927 fué el único día que llegó en dicho automóvil y que no recuerda cuánto tiempo hacía que no iba el demandado.

Isidoro León Ramos declaró ser comerciante en Callabo, de Juana Díaz, en la carretera central que de allí va a Ponce: que compraba café tostado al demandado desde 1917 ó 1918: que un jovencito llamado Alfredo Fernández le llevó café el 27 de diciembre de 1927: que desde hacía tiempo se lo llevaba: que no sabe si lo llevaba por cuenta propia o del demandado y que dicho día fué en un automóvil y otras veces en un carrito de caballo.

Leocadio Rodríguez Torres dijo ser comerciante en Coto

Laurel: que en 1927 compraba café tostado, primeramente a un empleado, cuyo nombre no recuerda, del demandado y después últimamente a Alfredo Fernández, yendo el demandado entre meses a llevarle café: que nunca tuvo negocios particulares o directos de café con Alfredo Fernández: que éste estuvo en su establecimiento el 29 de diciembre de 1927 en un automóvil azul: que en otras ocasiones fué el demandado en el mismo automóvil: que le parece que después de esa fecha fué con el café otro empleado del demandado en un carrito tirado por caballo: que le parece que desde principio de 1928 no ha comprado más café: que Alfredo Fernández iba como empleado del demandado de lo que tiene la certidumbre porque distintas veces iba el mismo demandado a llevarle el café: que no recuerda cuándo empezó a comprar café al demandado pero luego dice que como un año antes le compraba: que cree que por el 1925 empezó a comprar café al demandado: luego dice que como un año antes de haber sucedido el accidente empezó a comprar al demandado y después a Alfredo Fernández, quien fué como diez o doce veces antes del accidente, siempre en un automóvil: que cuando empezó a comprar café iba un empleado del demandado cuyo nombre no recuerda, a quien compró muchas veces y le entregaba el dinero: que iba en un carro de caballo: después de ese empleado le compró a Alfredo Fernández y otras veces al demandado, sin que pueda decir cuándo al último: que no empezó comprando al demandado sino a un empleado de él, lo que sabe porque llevaba café "Yaucosi," que es del demandado: que el carro de caballo decía "Yaucosi" de García, más o menos, pero luego declaró que lo que decía era "Yaucosi": que llega a la conclusión de que compraba a un empleado del demandado porque el carro decía "Yaucosi" y debajo tenía el nombre del demandado García: que no se acuerda del nombre de García en el carro ni el año en que empezó a comprar: después de ese empleado continuó comprando a Alfredo Fernández como doce o veinte

veces: que Alfredo Fernández iba siempre en un automóvil azul: no puede decir la época en que fué el demandado con el café: que cuando no iba Fernández iba el demandado: preguntado en qué fecha iba el demandado dijo en 1928 o en 1927, sin poder precisar el mes pero sí que fué varios meses antes del 29 de diciembre de 1927: que después de esta fecha compró a otro empleado que no conoce: que recuerda el nombre y apellido de Alfredo Fernández y no el de los otros empleados porque con aquél tenía más intimidad: que no tenía con él mucha intimidad pero más que con los otros: que un día de trabajo le pidió que lo llevara a Juana Díaz adonde fué a pasear: que es comerciante pero tiene dependiente y que compraba el café una vez por semana.

El último de esos testigos no mereció crédito a la corte, según dice en su opinión, por la forma en que declaró, su manera de expresarse, el interés que demostraba y lo exagerado de su declaración.

El demandado declaró que empezó su negocio de café al por menor en 1920 y que desde enero de 1927 se dedicó a ventas al por mayor exclusivamente a las personas que le compraban en su establecimiento: que el automóvil Cadillac lo compró su señora y nunca lo ha dedicado a vender café: que el 29 de diciembre su sobrino político Alfredo Fernández cogió el automóvil sin permiso y salió con él en momentos en que el declarante estaba ausente de la casa y que al regresar a ella supo lo del accidente: que nunca ha llevado ataúdes en dicho automóvil, pues tiene un carro especial para conducirlos: que Alfredo Fernández vivía en su casa y nunca fué empleado suyo: que al cesar el testigo en la venta al por mayor entonces Alfredo Fernández le compró el carrito con un caballo y vendía por su cuenta café en las tiendas.

El testigo Wenceslao Román dijo ser comerciante en café tostado en Ponce y declaró que el demandado dejó la venta de café tostado al por menor desde enero o febrero de 1927: que nunca vió el automóvil Cadillac dedicado al negocio del

demandado y que Alfredo Fernández le dijo que compraba café tostado al demandado para venderlo al por menor.

Juan Pérez, también comerciante en Ponce, compró café tostado al demandado por siete u ocho años y declaró que desde enero de 1927 empezó a servirle el café Alfredo Fernández y al preguntarle de dónde era el café le contestó que él lo vendía por cuenta suya: que una vez pidió café al demandado pero le contestó que ya sólo vendía al por mayor.

José Fernández, comerciante de Ponce, dijo que era tío de Alfredo Fernández, quien en 1927 le vendía café manifestándole que lo compraba al demandado García.

Cristino Renta, también comerciante, dijo que primero compraba café al demandado en 1925 ó 1926 y después a Alfredo Fernández, que lo llevaba en un carrito de caballo y sólo una vez, el día del accidente, lo llevó en un automóvil.

Ermelindo Auffant declaró que era amigo de Alfredo Fernández, quien le dijo que compraba café al demandado y lo vendía para ganarse un par de dólares.

Otra prueba que fué presentada no tiene relación con el motivo de este recurso.

Dispone el artículo 1803 del Código Civil que el que por acción u omisión causare daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado; y el 1804 que la obligación que impone el artículo anterior es exigible, no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes se debe responder; diciendo en uno de sus párrafos que lo son igualmente los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en los que tuvieran empleados, o con ocasión de sus funciones. En esto está fundada la demanda, toda vez que no fué el demandado sino Alfredo Fernández el que causó las lesiones por las cuales se reclama indemnización y por tanto la cuestión en controversia es si el joven Alfredo Fernández era dependiente o empleado del demandado en su ne-

gocio de café tostado para hacer las ventas en la fecha del accidente y si se encontraba en las funciones de su empleo.

Al demandante incumbe la prueba de la relación entre principal y agente. *Colón* v. *Schlüter & Co.*, 27 D.P.R. 850. Y también que cuando el empleado causa el daño está cumpliendo órdenes de su principal, o como dice nuestro Código Civil, está en el servicio del ramo en que estuviere empleado o con ocasión de su función.

La prueba en este caso fué contradictoria en cuanto a si el automóvil privado azul marca Cadillac a que se refiere la prueba no se usaba solamente para el servicio de la familia sino también para los negocios del apelado, tales como para transportar ataúdes y para conducir café tostado para su venta al por menor; conflicto que fué resuelto por la corte inferior en contra del apelante sin que podamos decir que cometiera error en tal conclusión toda vez que la preponderancia de la prueba justifica esa decisión, teniendo en cuenta también que se demostró plenamente que el apelado no era dueño del automóvil en la fecha en que el testigo Carlos Cordero, presentado por el demandante, decía que era usado por el apelado para conducir ataúdes.

La otra evidencia respecto a que Alfredo Fernández era empleado del demandado para la venta de café y que en ocasión de las funciones de ese empleo o agencia fué que causó las lesiones a la demandante la estimó insuficiente la corte inferior para poder sostener esa conclusión, y creemos que no estuvo equivocada en esa apreciación, pues aparte de que dicha corte no dió crédito al testigo Leocadio Rodríguez Torres por las razones que consignó en su opinión y que hemos copiado antes, los otros dos testigos, Agustín Rodríguez e Isidoro León Ramos, declararon en tal forma, según aparece de la transcripción de evidencia que tenemos ante nosotros, que nos lleva a la conclusión de que ellos no saben positivamente que Alfredo Fernández fuese empleado del demandado sino que lo deducen o suponen del hecho de que habiendo co-

menzado sus compras de café con el demandante era el joven Fernández quien se lo llevaba en 1927, tanto más cuanto que de otra evidencia aparece probado que a principio de dicho año cesó el demandado en la venta al por menor de café tostado, dedicándose exclusivamente a la venta al por mayor en su establecimiento y que entonces su sobrino político le compraba café para venderlo por su cuenta.

El caso de *Sánchez* v. *The Asiatic Petroleum Co.,* 40 D. P.R. 104, citado por el apelante, según el cual cuando se causan daños por un vehículo de un establecimiento o empresa en una carretera no es necesario que el perjudicado pruebe que estaba manejado en ese momento por un empleado de tal establecimiento o empresa y que estaba en el cumplimiento de sus deberes como tal empleado, no tiene aplicación al caso presente porque en aquél se trataba de un autocamión (truck-tanque) dedicado a transportar gasolina que tenía pintado el nombre de la corporación The Asiatic Petroleum Co., la que lo tenía registrado a su nombre en el Departamento del Interior, por lo cual llegamos a la conclusión de que surgía la presunción de que era manejado por un empleado en el cumplimiento de sus deberes para con su principal; mientras que en el caso que resolvemos el automóvil que causó el daño no tenía letrero o anuncio alguno como en el caso a que nos referimos, ni se probó que estaba registrado a nombre del establecimiento comercial del demandado, y en contrario se presentó prueba de que no era usado en tal negocio.

Para concluir diremos que para probar Pedro Pérez y Felícita Plata que ellos son padres de la menor a cuyo nombre establecen el pleito y que es su hija natural reconocida, presentaron una certificación del registro civil del nacimiento de dicha menor que no es copia literal de dicho asiento sino una relación que de él hace el secretario. El demandado se opuso a la admisión de ese documento por tal circunstancia y la parte ofreció aportar al juicio una certificación literal del nacimiento de la niña, pero no lo hizo. Ya

hemos declarado antes de ahora que los secretarios sólo pueden certificar literalmente los documentos que tienen en su poder y que no están autorizados para librar certificaciones en relación, por lo que los demandantes no han probado su capacidad para demandar en nombre de la niña lesionada.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.