DONATO APONTE, demandante y apelado, *v.* JACINTO A. PALACIOS, demandado y apelante.

Núm. 7980.—*Sometido:* Noviembre 6, 1939. *Resuelto:* Noviembre 30, 1939.

*L. Lloréns Torres* y *A. D. Marchand Paz,* abogados del apelante; *G. Benítez Gautier* y *J. Benítez Gautier,* abogados del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Se trata de una moción para desestimar el recurso por frívolo y de una sumisión del mismo sobre los méritos. Creemos preferible considerar la última cuestión.

Éste es un pleito de daños y perjuicios en que se anotó la rebeldía y, conforme aparece de la opinión emitida por la corte inferior, se celebró un juicio más tarde. El demandado no compareció.

En apelación no se ha presentado exposición del caso ni pliego de excepciones y se pide que el caso sea revisado a base tan sólo de la suficiencia de la demanda en ciertos particulares. El apelante sostiene que la demanda es insuficiente porque deja de alegar que el demandado era dueño de una empresa y en su consecuencia que podía caer dentro de uno de los casos especiales prescritos en el artículo 1803 del Código Civil (edición de 1930).

Los artículos 1802 y 1803 proveen:

"Artículo 1802.—El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.

"Artículo 1803.—La obligación que impone el artículo anterior es exigible, no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes se debe responder.

.    .    .    .    .    .    .    .    .

"Lo son igualmente los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en que los tuvieran empleados, o con ocasión de sus funciones.

.    .    .    .    .    .    .    .    .

"La responsabilidad de que trata este artículo cesará cuando las personas en él mencionadas prueben que emplearon toda la diligencia de un buen padre de familia para prevenir el daño."

Los párrafos específicos de la demanda a ser interpretados leen así:

"3.—Que el demandado es y era allá para el día 20 de febrero de 1938, dueño de la guagua marca Dodge, tablilla C-327, la cual dedicaba y dedica al transporte de leche.

"4.—Que en la tarde del día 20 de febrero de 1938 el demandante, Donato Aponte, iba conduciendo un carro de mano con el cual se dedicaba a la venta de frutas del país, por la carretera que continuando la calle de Loíza conduce de Santurce a Carolina. Que el demandante iba por su derecha en dirección de Santurce a Isla Verde. Que en esos momentos venía en dirección contraria, la guagua C-327, a bastante velocidad y haciendo zigzags de un lado a otro de la carretera, 'que en ese sitio es bastante estrecha,' y la cual era manejada en ese día por el empleado del demandado, Francisco Castro Kercadó, 'quien en esa fecha, según información y creencia del demandante, no estaba autorizado para conducir vehículos de motor en las carreteras de Puerto Rico.' "

La contención principal del apelante es que la demanda no aduce suficientemente que el demandado se dedicaba a una empresa. Quizá la alegación pudo ser algo más específica, mas somos del criterio que el párrafo tercero, especialmente al alegar que el automóvil se dedicaba al transporte de leche, describe la explotación de una empresa mercantil. Esto es algo robustecido por las palabras "tablilla C-327", puesto que estas tablillas, y de ello podemos tomar conocimiento judicial, son las usadas en automóviles generalmente dedicados al comercio.

Nada hay en el caso de *Vélez* v. *Llavina,* 18 D.P.R. 656, 665, que se pronuncie en sentido contrario. Creemos que esa decisión sostiene la conclusión a que hemos llegado. Hemos resuelto, al igual que lo han hecho las cortes de los Estados Unidos, que surge la presunción de que la persona que conduce un automóvil es empleada del dueño del mismo. *Sánchez* v. *Asiatic Petroleum Co.,* 40 D.P.R. 104; *Lotti* v. *Charles McCormick Lumber Co.,* 51 D.P.R. 334; *Morales* v. *Otero,* 53 D.P.R. 569. Esto contesta una de las contenciones del apelante.

Aunque admitiendo que el demandado no tiene que probar que ejerció el cuidado de un buen padre de familia al designar a su empleado, no obstante el apelante sostiene que el demandante estaba obligado a hacer esa alegación en su demanda. La respuesta a esta contención puede hallarse

en el caso de *González* v. *Malgor, Luiña & Cía.,* 29 D.P.R.
105.   Véase también *Morales* v. *Otero,* supra.

*La sentencia debe ser confirmada.*

El Juez Asociado Sr. Travieso no intervino.