MARÍA AURORA VÁZQUEZ MEDINA, demandante y apelante, *v.* MANUEL GONZÁLEZ MARTÍNEZ, demandado y apelado.

Num. 8554.—*Sometido:* Diciembre 16, 1942. *Resuelto:* Enero 20, 1943.

R. *Arjona Siaca,* abogado de la apelante; *Hugh R. Francis,* abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Se trata de un pleito de daños y perjuicios fallado sobre las alegaciones. El demandado excepcionó la demanda por no aducir hechos suficientes para determinar una causa de acción y la corte declaró la excepción con lugar ordenando el registro de su resolución como sentencia a petición de la propia demandante.

Ésta tiene nueve años de edad y compareció representada por su padre natural. Funda su reclamación en los daños y perjuicios que sufriera a consecuencia de las contusiones que le causara, al arrollarla, el dos de abril de 1941 y en la calle Doctor Goyco, de Caguas, un camión "guiado por un chófer agente del demandado, a sueldo de éste y en gestiones de negocios del demandado, para quien trasportaba en aquel momento una carga de productos alimenticios, destinada al ganado del demandado," habiendo ocurrido el accidente "exclusivamente por negligencia del agente del demandado . . . sin . . . culpa alguna por parte de la demandante."

Sostiene el demandado que de esos hechos no surge que él venga obligado a responder de los daños y perjuicios reclamados.

No es perfecta la demanda en verdad. Hubiera podido fácilmente enmendarse para hacerla más clara y despejar toda duda, pero, tal como está, interpretada "con liberalidad, a fin de asegurar absoluta justicia entre las partes," como ordena el artículo 122 del Código de Enjuiciamiento Civil (ed. 1933), y habiendo en consideración la tendencia reflejada en las decisiones de esta propia corte a dar a la palabra empresa que usa la ley una significación cada vez más amplia siguiendo el criterio reparador en que se inspiran las decisiones del continente en esta clase de casos, sin dejar de cumplir la ley escrita vigente sobre la materia, aduce una causa de acción a nuestro juicio.

Que el chófer era el agente del demandado, se alegó expresamente, y que dicho agente actuaba por su principal "en

negocios" de éste, también se alega de modo expreso. El hecho de tratarse de un camión es por sí solo significativo. Además, de las otras alegaciones se deduce que el negocio del demandado en que actuaba su agente era el de ganado, para alimentar el cual se transportaban en el camión los productos.

Siendo ello así no tenemos duda de que el "negocio" en este caso puede calificarse de "empresa" dentro del significado de la ley y la jurisprudencia. *Acha* v. *Nevares,* 59 D. P.R. 235; *Aponte* v. *Palacios,* 55 D.P.R. 697; *Morales* v. *Otero,* 53 D.P.R. 569; *Lotti* v. *The Charles McCormick Lumber Co.,* 51 D.P.R. 334, y casos en ellos citados.

En cuanto a que no es suficiente la alegación de negligencia que la demanda contiene, bastará referirnos a la propia autoridad—38 Am. Jur., *Negligence,* §261—que para sostener lo contrario cita la apelada al levantar en su alegato la cuestión—cuestión que dicho sea de paso no surge de los autos que fuera considerada por la corte sentenciadora, ni se trata por el apelante en su alegato. De la jurisprudencia que resume dicha autoridad aparece claramente que constituyendo la negligencia como constituye un hecho último (*ultimate fact*) y no una conclusión, puede alegarse en términos generales como aquí se hizo.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos de conformidad con la ley.*