LUIS ROBLES, a nombre y en representación de su esposa CARMEN ANA RAMOS DE ROBLES, demandante y apelado, *v.* FERRETERÍA MERINO, INC., demandada y apelada.

Núm. 9017.—*Sometido:* Marzo 7, 1945. *Resuelto:* Marzo 28, 1945.

*Miranda & Miranda Esteve,* abogados de la apelante; *Francis & Pérez Almiroty,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El día 17 de febrero de 1941 la demandante Carmen Ana Ramos de Robles, en momentos en que se encontraba parada en la acera, con una niña en sus brazos, fué derribada y arrollada por una guagua. Se alega en la demanda que la

guagua era conducida en el momento del accidente por Rufino Burgos Ortiz, empleado de la demandada, en el curso y desempeño de sus funciones como tal empleado; que dicho empleado no estaba autorizado para conducir vehículos de motor; y que el vehículo era conducido a una velocidad excesiva, sin tocar aparato de alarma o aviso de clase alguna y sin tomar las debidas precauciones para garantizar la vida y propiedad ajenas. La demandante reclamó una indemnización de $25,000.

En su contestación la corporación demandada negó específicamente los hechos esenciales de la demanda y como defensa especial alegó que pocos días antes del accidente la demandada empleó como chófer de la guagua a Julio Santiago "bajo la advertencia y condición de guiarla él exclusivamente para los fines del reparto de la mercancía, prohibiéndole específicamente el permitir a otra persona guiar dicho vehículo o utilizarlo para otros fines que no fueran los del reparto de la mercancía a los clientes de la demandada"; que el día del accidente, el chófer Julio Santiago salió acompañado del peón Rufino Burgos Ortiz, empleado exclusivamente para recoger y entregar los bultos; y que de ser cierto que dicho peón estuviera guiando la guagua en el momento del accidente, lo hacía fuera del curso de su empleo y en contra de las órdenes expresas de la demandada. Alegó además la demandada, que la causa próxima del accidente fué la negligencia contributoria de la demandante, quien no obstante habérsele dado aviso tocando el claxon, trató de cruzar la calle bajándose de la acera tan súbitamente que la guagua no pudo ser detenida a tiempo para evitar el daño.

La Corte de Distrito de San Juan, ante la cual se vió el caso, dictó sentencia condenando a la demandada a pagar a la demandante la suma de $3,500, las costas y $200 para honorarios de abogado. La demandada apeló.

Para sostener su recurso señala seis errores que alega fueron cometidos por la corte sentenciadora. Los tres primeros se refieren a la apreciación de la evidencia y los tres restantes a la sentencia y a la cuantía de la indemnización concedida a la demandante.

 Sostiene la apelante que la corte inferior erró al resolver que la contestación de la demandada contenía "negative pregnants", que equivalían a la admisión de los hechos de la demanda; al resolver que la guagua que ocasionó el accidente era propiedad de la demandada; y al considerar probado que Rufino Burgos Ortiz era la persona que guiaba la guagua que ocasionó el accidente.

Examinemos primeramente la evidencia.

Por la demandante declaró en primer término el *Dr. Arsenio Comas,* quien asistió a la demandante después del accidente. Describió detalladamente las fracturas sufridas por la demandante en el fémur derecho en su tercio inferior y en el tercio inferior de la tibia y de la fíbula de la pierna izquierda. Declaró que las heridas recibidas por la demandante eran muy dolorosas; que estuvo en el hospital durante dos meses y que seis o siete meses después del accidente todavía tenía que andar con muletas; que la paciente estuvo sufriendo dolores en la pierna izquierda por lo menos durante cuatro meses; y que más tarde fué necesario llevarla de nuevo al hospital para curarle una fístula que se le había formado en la pierna y por la cual le salía un pedazo de hueso.

Declaró la señora *Candelaria González.* Conoce de vista a la demandante. En la acera que hay al frente de su casa vió parada a la demandante hablando con Luisa Pantoja. Ésta estaba en la parte de adentro de la verja y la demandante en la parte de afuera con una niñita en sus brazos. De repente vino la guagua y le dió y la tumbó, arrollándola hasta muy cerca del portón de la casa de la declarante. Después de haberla arrollado, la guagua quedó montada

sobre la acera. La testigo hace constar que lo que ella llama "la acera" es el espacio comprendido entre las verjas de las casas y la cuneta al lado de la calle, espacio que está más alto que la calle pero no ha sido afirmado con concreto.

Doña *Luisa Acosta viuda de Pantoja,* declaró: En el momento del accidente se encontraba detrás de la verja que hay frente a la casa de Candelaria González, hablando desde hacía rato con Ana Ramos, la demandante, quien tenía una niñita en sus brazos. No sintió claxon ni nada absolutamente. De repente vino la guagua y se llevó a Ana Ramos, que en ese momento estaba parada en la acera. "La guagua se montó en la acera y ahí mismo se la llevó". Ana estaba de espalda a la calle, pegada a la verja, hablando con la declarante. Que no sabe nada más porque al ver lo ocurrido y oír la gritería de la gente perdió el conocimiento y estuvo dos días en cama.

*Félix Martell,* declaró que se encontraba trabajando cerca del sitio del accidente. Al oír unos gritos corrió hacia el sitio y encontró a la demandante debajo de una guagua, con la mitad del cuerpo encima del encintado que divide la calle de la acera y la otra mitad del cuerpo abajo del encintado. La guagua estaba con las dos ruedas de la derecha arriba del encintado, o sea en la acera, y las otras dos en el encintado, afuera, casi en la carretera. Que sabe que la guagua era de la Ferretería Merino porque tenía un rótulo que decía: "Ferretería Merino". Cuando vió la guagua no había nadie sentado en el asiento del chófer. Fué él quien levantó a la demandante y la llevó al hospital.

*José Ramón Ubarri,* declaró: El día del accidente vió a la demandante parada frente a la casa del declarante, en la acera, junto a la verja. Estaba parada entre el encintado y la verja. Vió una guagua que venía bajando por la calle 15 y de pronto subió la guagua y la arrolló, estando ella en la acera. La guagua quedó parada en la acera. La guagua tenía un letrero que decía "Ferretería Merino". No se

fijó en quién iba guiando la guagua, pero vió que del lado izquierdo de la guagua bajó una persona El declarante agarró a ese individuo dos veces, pero se le escapó y se fué huyendo. Entonces salió otro muchacho que iba en el vehículo y le dijo que le cuidase la guagua que él iba a buscar un guardia. Que no conocía al que huyó, pero lo vió después del accidente y sabe que es Rufino Burgos Ortiz.

Las partes estipularon que la demandante declararía en igual sentido que los demás testigos. Se admitió una certificación del Comisionado del Interior haciendo constar que Burgos no estaba autorizado para guiar vehículos de motor, terminando así la prueba de la demandante.

La demandada hizo constar que no presentaría prueba y que descansaría exclusivamente en el hecho de que "no se ha probado que ningún empleado de la Ferretería Merino guiara esa guagua, ni la cuantía de los daños".

¿Erró la corte inferior al resolver que la guagua que causó el accidente era propiedad de la demandada y que en ese momento era manejada por uno de sus empleados? Opinamos que no. La demandada admitió en su contestación que era dueña de una guagua que utilizaba para entregar mercancías a sus clientes; y que el día de autos, el chófer Julio Santiago y el peón Rufino Burgos Ortiz, ambos empleados de la demandada, salieron con la guagua del establecimiento de la demandada en San Juan para entregar mercancías en Santurce. La evidencia demostró que la guagua que arrolló a la demandante llevaba en el costado el nombre de la demandada; que inmediatamente después de haber ocurrido el accidente se vió salir del costado izquierdo de la guagua al mismo empleado de la demandada, Rufino Burgos Ortiz, que había salido con la guagua de la demandada y con su consentimiento para repartir mercancías. La demandada alegó que Burgos no estaba en el momento del accidente actuando como empleado de la demandada, pero no hizo el menor esfuerzo para probar esa alegación. La

demandante no estaba obligada a probar que la guagua, perteneciente a una empresa comercial, era manejada en el momento del accidente por un empleado de la empresa, en el cumplimiento de sus deberes como tal empleado. La presunción es que los empleados que sacaron la guagua y se encontraban en ella al ocurrir el accidente actuaban como tales empleados. Véanse: *Ramos de Anaya* v. *López,* 36 D.P.R. 499; *Sánchez* v. *Asiatic Petroleum Co.,* 40 D.P.R. 104; *Acha* v. *Nevares,* 59 D.P.R. 235; *Lotti* v. *The Charles McCormick Lumber Co.,* 51 D.P.R. 334 y *Morales* v. *Delia Mejías, Inc.,* 63 D.P.R. 700.

La prueba es a nuestro juicio suficiente para establecer los hechos esenciales de la demanda.

Se queja la apelante de la cuantía de la indemnización concedida por la corte inferior. Dada la importancia de las lesiones sufridas por la demandante y considerando el tiempo que duró su curación y los intensos dolores y sufrimientos experimentados por la paciente, opinamos que una indemnización de $3,500 es razonable.

*La sentencia será confirmada.*