JULIÁN RODRÍGUEZ, demandante y apelado, *v.* MATEO PÉREZ y OCTAVIA FLORES MORENO, demandados y apelante el primero.

Num. 9196.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Febrero 12, 1946.

*Benigno Pacheco Tizol,* abogado del apelante; *Gerardo J. Walker,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El presente es un pleito sobre daños y perjuicios radicado en la Corte de Distrito de San Juan por Julián Rodrí-

guez v. Mateo Pérez y Octavia Flores Moreno. La corte inferior dictó sentencia exonerando de toda responsabilidad a Octavia Flores Moreno y condenó al demandado Mateo Pérez al pago de $600, las costas y $150 para honorarios de abogado. Apeló el demandado, señalando en su alegato la comisión de siete errores.

Examinaremos conjuntamente los errores señalados bajo los números 1, 6 y 7 por referirse éstos a la apreciación de la prueba. Sostiene el apelante que la sentencia dictada es contraria a la prueba y derecho porque el demandante y apelado no probó que el *truck* causante del accidente fuere de la propiedad del demandado, ni que Ramón Fuentes López, chófer que conducía dicho truck, fuera su empleado; porque el accidente fué fortuito y desgraciado; porque la corte resolvió que el demandado Mateo Pérez y no Octavia Flores Moreno, la dueña del truck, era el responsable del accidente; y porque la corte sentenciadora apreció la prueba con prejuicio, pasión y parcialidad, incurriendo en manifiesto error.

Después de un detenido examen de la prueba, hemos llegado a la conclusión de que dichos tres señalamientos carecen de fundamentos. La prueba demuestra sin lugar a dudas que el accidente fué motivado por la negligencia del conductor del truck. El demandado apelante déclaró que él alquilaba trucks de doña Octavia Flores Moreno y de otras personas para cargar piedras para el Gobierno, pagándole a la dueña del truck de acuerdo con el número de viajes realizados; y admitió que el truck que causó el accidente era de la propiedad de Octavia Flores Moreno y que él lo poseía como arrendatario.

No era necesario que el demandante probase que el demandado era dueño del truck en cuestión, como tampoco que Ramón Fuentes López, chófer que lo conducía en los precisos momentos del accidente, fuese su empleado, ya que el propio demandado aceptó que lo poseía en su carácter de

686

arrendatario y que al ocurrir el accidente el vehículo era utilizado en una empresa o negocio del referido demandado. En virtud del contrato de arrendamiento, doña Octavia Flores Moreno cedió la posesión material y el uso y control del mencionado truck, poniéndolo a disposición del demandado, Mateo Pérez, en su carácter de arrendatario. Este es el llamado a responder de los daños y perjuicios que ocasionara el truck debido a la negligencia del chófer. Tal responsabilidad no es imputable a la arrendadora. Tampoco está obligado el demandante a probar que el truck usado y disfrutado en beneficio de los negocios del arrendatario, fuese conducido por su chófer o agente en el cumplimiento de sus deberes como tal. Probado que el demandado poseía el truck en su carácter de arrendatario y que en el momento del accidente lo usaba en relación con sus negocios, surge la presunción *juris tantum* de que la persona que lo guiaba era empleado o agente del demandado y actuaba en el curso del desempeño de sus atribuciones. Véase *Robles* v. *Ferretería Merino,* 64 D.P.R. 751 y *Acha* v. *Nevares,* 59 D.P.R. 235.

En el segundo señalamiento el apelante ataca la suficiencia de la demanda, por entender que los hechos alegados no determinan una causa de acción, ya que se ha omitido la alegación de que Ramón Fuentes, chófer del truck, era en la fecha del accidente empleado de Mateo Pérez y que estuviera actuando en el curso de su empleo. Vistas las alegaciones de la demanda y las admisiones que hace el demandado y apelante en su contestación, encontramos que se ha alegado suficientemente que Mateo Pérez, arrendatario del truck de la propiedad de doña Octavia Flores Moreno, usaba del mismo en sus negocios de transportación de piedra para el Gobierno Insular, siendo conducido ese truck por el chófer Ramón Fuentes López en los precisos momentos en que ocurriera el accidente que motivara la acción de daños y perjuicios. La presunción *juris tantum* que surge de estas alegaciones no fué controvertida en manera alguna por la

prueba ofrecida por el demandado apelante. La corte inferior no erró al resolver que la demanda era suficiente.

■■ Alega el apelante que la corte inferior carecía de jurisdicción para conocer del caso, porque no aparece de la demanda ni de la prueba aducida que los hechos ocurrieron dentro del territorio jurisdiccional de, la Corte de Distrito de San Juan. En la demanda se alega que el accidente que motiva la acción de la parte demandante ocurrió en el hectómetro 3 del kilómetro 26 de la carretera número 3 de Puerto Rico, y de la prueba se desprende que el accidente tuvo lugar en la Isla de Puerto Rico, aunque no en sitio determinado. Siendo las cortes de distrito tribunales de jurisdicción general y apareciendo de la demanda la reclamación de $1,500, la jurisdicción de la corte inferior, como la de cualquier otra corte de distrito donde se hubiera radicado el caso, es incuestionable.

■ Si la Corte de Distrito de San Juan no era el tribunal competente para conocer del caso, es una cuestión que el demandado pudo, a su opción, haber presentado a la consideración de la corte inferior mediante moción, antes de contestar la demanda, de acuerdo con lo dispuesto en la Regla 12(b) (3) de las Reglas de Enjuiciamiento Civil. No habiéndolo hecho así, ni tampoco levantado la cuestión en su contestación, debe entenderse que renunció dicha objeción, de conformidad con lo dispuesto en el apartado (h) de la citada Regla, quedando como consecuencia sometido a la jurisdicción y competencia de dicha corte.

■ Sostiene el apelante que la corte erró al dictar sentencia condenándolo a pagar al demandante la suma de $600, porque éste, al suministrar las especificaciones a la demanda, estimó como compensación por los dolores físicos y mentales sufridos con motivo del accidente, la suma de $400. En la demanda se reclaman por gastos de medicina la suma de $60; gastos de médico y hospital, $40; incapacidad sufrida $1,000; y por los dolores físicos y mentales, la suma de $400.

Total $1,500. La prueba del caso sostiene los gastos incurridos en médicos, medicinas y hospitalización montantes a $100. También sostiene la existencia de los dolores físicos y mentales, que sufriera el demandante, los que él mismo estimara en su demanda en $400. La prueba en cuanto a los daños y perjuicios por la incapacidad que sufriera el demandante como consecuencia del accidente, es también suficiente. El demandante declaró que él trabajaba como capataz de carretera, ganando noventa dólares mensuales y que estuvo incapacitado totalmente para trabajar mientras estuvo recluído en el hospital durante 49 días sufriendo de los golpes recibidos.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Córdova no intervino.