EMÉRITO ESTRADA, demandante y apelado, *v.* MAXIMILIANA RUIZ y AMERICAN SURETY COMPANY OF NEW YORK, demandados y apelantes.

Núm. 10229.—*Sometido:* Noviembre 6, 1950. *Resuelto:* Noviembre 21, 1950.

*José Veray, Jr.*, abogado de las apelantes; *Luis Antonio Rosario*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

De la sentencia que en acción de daños y perjuicios dictó la Corte de Distrito de Aguadilla, condenándoles al pago de

la suma de $755, más las costas y $100 para honorarios de abogado, apelaron las demandadas para ante este Tribunal. En apoyo de su recurso señalan cinco errores. El primero de ellos es que la corte inferior erró al declarar sin lugar su moción solicitando la desestimación de la demanda por falta de hechos determinantes de una causa de acción. En la demanda se alega en síntesis que el día 8 de marzo de 1947 el demandante conducía el camión H-3777, de su propiedad, de San Sebastián hacia el Barrio Perchas del mismo municipio, por la carretera que de ese pueblo conduce al de Las Marías, habiéndole dado alcance al camión HP-1508, propiedad de la codemandada Maximiliana Ruiz, que se dirigía hacia otro barrio de San Sebastián, siendo operado y conducido el de la codemandada por el chófer Luis Soto Beauchamp, quien actuaba allí y entonces como empleado de ésta; que en razón a que la carretera de San Sebastián a Las Marías es estrecha y tiene bastantes curvas, el demandante continuó caminando en su camión detrás del de la indicada codemandada, a razonable distancia; que yendo el demandante conduciendo su vehículo en la forma ya referida, se dió cuenta de que el camión de la codemandada Ruiz se paró súbitamente en el centro de la carretera, razón por la cual él frenó y paró el suyo al lado derecho de la carretera y esperó; que mientras esperaba que el vehículo de la citada codemandada continuara su marcha, el chófer de ésta, negligentemente permitió que el camión que operaba se fuera hacia atrás violentamente, chocando con su parte trasera el camión del demandante, sin que éste pudiera evitarlo a pesar de los esfuerzos que hizo; que como consecuencia del choque el camión del demandante sufrió los daños que describe y la reparación de los cuales costó al demandante la suma de $425, viéndose además privado del uso de su vehículo durante el tiempo que duraron las reparaciones y habiendo el mismo sufrido asimismo la depreciación que se alega; que el accidente se debió única y exclusivamente a la negligencia del empleado de la codemandada Maximiliana Ruiz al no tomar las precauciones de ri-

gor; y que el camión de ésta estaba asegurado con la code-mandada American Surety Co. of New York. [1]

■■ Al discutir el primer error señalado las apelantes sostienen que la demanda es insuficiente, toda vez que deja de alegar que la codemandada Maximiliana Ruiz era dueña de una empresa. No tienen razón. Desde que se enmendó el artículo 1803 del Código Civil (ed. 1930) por la Ley 120 de 12 de mayo de 1943 (pág. 373), tal alegación es innecesaria, ya que ora se trate de un vehículo de motor perteneciente a una empresa o de un vehículo perteneciente a una persona particular el dueño responde de los daños y perjuicios causados en la operación de los mismos por sus empleados o agentes, siempre que éstos estén debidamente autorizados para manejar el vehículo causante del daño, y que actúen en el desempeño de sus funciones como tales empleados o agentes, de acuerdo con los términos del contrato de trabajo. [2] Igual conclusión se impone al interpretarse el artículo 19 de la Ley 279 de 5 de abril de 1946 (págs. 599, 647). [3]

---

[1] Véase el artículo 175 de la Ley 66 de 16 de julio de 1921 (pág. 523), según fué enmendado por la Ley 19 de 15 de abril de 1929 ((1) pág. 161), el cual autoriza que en esta clase de casos se demande conjuntamente al asegurado y a la compañía aseguradora.

[2] El artículo 1803 del Código Civil (ed. 1930), según fué enmendado por la Ley 120, supra, reza en lo pertinente así:

"Lo son igualmente (responsables) los dueños o directores de un establecimiento o *empresa* respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en que los tuvieran empleados, o con ocasión de sus funciones, *y los dueños o propietarios de cualquier vehículo de motor destinado al servicio privado de su dueño o propietario respecto de los perjuicios que causen en la operación de los mismos sus empleados o agentes, debidamente autorizados para el manejo de dichos vehículos, y mientras actúen en el desempeño de sus funciones como tales empleados o agentes de acuerdo con los términos del contrato de trabajo.*" (Bastardillas nuestras.)

[3] El artículo 19 de la Ley 279, supra, provee:

"El dueño o propietario de cualquier vehículo de motor destinado al servicio privado de su dueño o propietario será responsable de los daños o perjuicios que cause la operación de dicho vehículo por sus agentes o empleados debidamente autorizados para el manejo del mismo mientras actúen en el desempeño de sus funciones como tales empleados o agentes, de acuerdo con los términos del contrato de trabajo.'

Por otra parte, aun si no existiesen los anteriores preceptos de ley, en la demanda claramente se alega que el camión de la codemandada Maximiliana Ruiz llevaba las tablillas HP-1508. Dada esa alegación, podía tomarse conocimiento judicial de que un camión con tablillas "HP" era un vehículo pesado dedicado al servicio público. *Aponte* v. *Palacios*, 55 D.P.R. 697. Y siendo un vehículo pesado dedicado al servicio público podía igualmente concluirse que el mismo pertenecía a una empresa, dentro del alcance y significado del artículo 1803 del Código Civil, ya reseñado. *Morales* v. *Caraballo,* 27 D.P.R. 591. El primer error señalado no fué, pues, cometido.

█ Los errores segundo, cuarto y quinto se dirigen a la apreciación de la prueba hecha por la corte a quo. En sus conclusiones ésta declaró probados los siguientes hechos:

"Que en 8 de marzo de 1947, y como a las seis de la tarde, el camión HP-1508, propiedad de la demandada Maximiliana Ruiz, conducido por su *chauffeur* y empleado Luis Soto Beauchamp por la carretera insular que de San Sebastián conduce a Las Marías, dentro del distrito judicial de Aguadilla, Puerto Rico, marchaba cuesta arriba por el centro de la referida carretera que es bastante estrecha; que dicho camión iba cargado con una pala mecánica y varias piezas de un *bulldozer*, implementos bastantes pesados; que a la sazón y en igual dirección marchaba el *truck* H-3777, conducido por su dueño, el demandante, a razonable distancia detrás del camión de la demandada Maximiliana Ruiz; que el referido camión HP-1508 marchaba cuesta arriba por la referida carretera y al entrar a una curva súbitamente se paró en el centro de la misma, sin que su chauffeur hiciera señales de clase alguna, ni tomara las precauciones de rigor; que a consecuencia del paro súbito del referido camión HP-1508 (⁴) su motor dejó de funcionar, y mientras su chauffeur maniobraba para ponerlo en marcha nuevamente, permitió que el mismo se fuera violentamente hacia atrás chocando con su parte trasera al truck del demandante que ya

(⁴) La prueba del demandante tendió asimismo a demostrar que el camión de la codemandada Maximiliana Ruiz se detuvo súbitamente debido al hecho de que al entrar a una curva un hombre se lanzó repentinamente del talud izquierdo de la carretera con el propósito de cruzar la misma.

se había estacionado a su derecha, tras difíciles maniobras en una carretera estrecha, de muchas curvas y con precipicios a su lado derecho."

En el curso de su opinión y luego de hacer las anteriores conclusiones de hechos la corte manifestó además que "Por la forma en que declararon, su espontaneidad, su honradez y lo verosímil y conteste de sus testimonios, la Corte da entero crédito a los testigos del demandante. . . . Los testigos de los demandados no dejaron en el ánimo de la Corte aquella sensación de certeza requerida por el juzgador en la determinación de la preponderancia de la evidencia, ni tampoco les ha dado crédito el tribunal luego de haberlos visto y escuchado." [5]

Hemos leído cuidadosamente la transcripción de evidencia y a nuestro juicio hay suficiente prueba en los autos para sostener las conclusiones del tribunal inferior.

■■ En el tercer error señalado se imputa a la Corte de Distrito de Aguadilla haber errado al declarar que las demandadas eran responsables de los daños y perjuicios causados por la negligencia del chófer Luis Soto, conductor del vehículo HP-1508, cuando no se probó que dicho chófer fuera empleado de la demandada Maximiliana Ruiz ni que actuara en el curso de las atribuciones de su empleo en el momento en que ocurrió el accidente. Al discutir este error olvidan las demandadas que existe la presunción *juris tantum* de que la persona que conduce un vehículo de motor perteneciente a una empresa[6] se presume que actúa como empleada de ésta y dentro de las atribuciones de su empleo. *Morales* v. *Delia Mejías, Inc.*, 63 D.P.R. 700, 704; *Aponte* v. *Palacios*, supra; *Morales* v. *Otero*, 53 D.P.R. 569; *Lotti* v. *The Charles*

___

[5] La prueba de las demandadas fué en síntesis al efecto de que el camión del demandante corría muy cerca del de la codemandada Ruiz y que cuando este último se detuvo, el del demandante negligentemente chocó con él, causándose los daños que alega.

[6] La prueba demostró que la codemandada Maximiliana Ruiz era dueña de varios camiones pesados que dedicaba a la transportación de carga mediante paga.

*McCormick Lumber Co.*, 51 D.P.R. 334, y *Sánchez v. Asiatic Petroleum Co.*, 40 D.P.R. 104. A las demandadas incumbía destruir esa presunción controvertible y en los autos nada hallamos que demuestre que ofrecieran prueba con tal fin. Bajo las circunstancias reseñadas la corte procedió correctamente al dictar sentencia en la forma en que lo hizo.

*Debe confirmarse la sentencia apelada.*